[Civ. No. 243.   First Appellate District.—October 21, 1905.]

# THOMAS B. DAKAN, Petitioner, v. SUPERIOR COURT OF SANTÁ CRUZ COUNTY, Respondent.

MOTION TO CHANGE PLACE OF TRIAL — DISQUALIFICATION OF JUDGE — PREJUDICE AND BIAS PREVENTING IMPARTIAL TRIAL—SERVICE OF AFFIDAVITS.—A motion by the defendant to change the place of trial of an action, on the ground that the judge is disqualified and that he cannot have a fair and impartial trial therein by reason of the bias and prejudice of the judge, upon which he did not ask the court to bring in another judge, nor file or serve affidavits in support of the motion ''at least one day before the day set for trial,'' as required in section 170 of the Code of Civil Procedure, cannot be deemed made under that section, but as the affidavits were served and filed on the day of the trial, is to be taken as brought under section 397 of that code.

ID.—WRIT OF PROHIBITION—JURISDICTION—EFFECT OF DISQUALIFICATION OF JUDGE.—The writ of prohibition is granted only where the proceedings of the inferior tribunal are without or in excess of its jurisdiction. Although the disqualification of a judge of the superior court of a county will deprive him of authority to render judgment in any action in that court, it does not take from that court jurisdiction of a cause properly brought in that county.

ID.—PRESUMPTION AGAINST DISQUALIFICATION—BURDEN OF PROOF—JUDICIAL QUESTION—PETITION FOR WRIT.—There is no presumption that a judge is disqualified, and the burden is upon a party seeking to change the place of trial of an action on that ground to present facts showing such disqualification. Whether it exists is a judicial question, to be determined by the tribunal before which it is presented; and a petition for a writ of prohibition based upon this ground must present facts establishing the disqualification of the judge.

ID.—INSUFFICIENT SHOWING.—Where neither the petition for the writ of prohibition nor the affidavits attached to the notice of the motion to change the place of trial sets forth facts showing the existence of any bias or prejudice on the part of the judge or that the defendant could not have an impartial trial before him, or showing his disqualification to hear and determine the action, the statement in the notice of the motion of the grounds upon which the motion would be made is not to be considered, and the application for the writ must be denied.

APPLICATION for writ of prohibition to the Superior Court of Santa Cruz County.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, Jr., for Petitioner.

HARRISON, P. J.—Application for a writ of prohibition. The petitioner is the respondent in an action pending before the superior court in Santa Cruz county. Issues in the action were joined June 26, 1905, by his filing an answer to the complaint. The case appears to have been set down for trial for October 19th, and on that day, before the trial of the action, the defendant (petitioner herein) filed and served upon the plaintiff's attorney a notice that he would make a motion before said court on October 27th for a change of the place of trial, upon the ground that the judge of said superior court is disqualified from acting therein, and that he cannot have a fair and impartial trial in said superior court, by reason of the bias and prejudice of the said judge. Annexed to said notice of motion were two affidavits, which he stated would be read in support thereof—one by Charles B. Younger, Jr., to the effect that certain property claimed by him had been attached in the action and would be sold by the sheriff in case the plaintiff should recover judgment; and the other by the defendant, in which he stated that the attorney for the plaintiff is a close friend and adviser of the judge of the court, and bears great animosity toward the defendant, which fact is well known to the judge, and that the judge, on account of his close friendship with said attorney and his knowledge of said animosity, shows and has shown great partiality and favoritism to said attorney in all actions in said court where said attorney opposes the interests of the defendant. The defendant's attorney informed the judge at 2 o'clock P. M. of October 19th, in open court, that said notice of motion with the affidavits annexed thereto had been the trial of the cause, notwithstanding the filing of said no-informed the judge announced that he would proceed with the trial of the cause, notwithstanding the filing of said notice of motion, whereupon the attorney for the defendant objected to the action of the court, on the ground that it had no jurisdiction to proceed with the trial of the action until said motion was heard and determined. The judge, however, commenced the trial of the cause, and the defendant alleges that he will proceed therewith, unless restrained by this court. Wherefore he makes this application for a writ of prohibition.

As the defendant did not ask the court "to secure the services of some other judge," and did not file or serve affidavits "at least one day before the day set for the trial," his proceedings were not taken under section 170 of the Code of Civil Procedure, but are to be taken as being brought under section 397 of that code. The motion is not based upon the ground that the action was not commenced in the proper county for the trial thereof, and the requisites of section 396 are, therefore, not applicable.

The writ of prohibition is granted only when the proceedings of the inferior tribunal are without or in excess of its jurisdiction. Although the disqualification of the judge of the superior court of a county will deprive him of authority to render judgment in any action in that court, it does not take from the court jurisdiction of a cause properly brought in that county. There is no presumption that a judge is disqualified; and, if a party would seek a change of the place of trial of the action upon that ground, the burden is upon him to present facts showing such disqualification. Whether it exists is a judicial question, to be determined by the tribunal before which it is presented, and an application for a writ of prohibition based upon this ground must present to the court facts which will establish the disqualification of the judge.

Neither in the petition herein, nor in the affidavits which were attached to the notice of motion, is there set forth the existence of any bias or prejudice on the part of the judge, or any fact showing his disqualification to hear and determine the action before him. The statement in the notice of motion of the grounds upon which the motion would be made are not to be considered in determining whether such disqualification exists. Only the facts set forth in the affidavits in support of the motion can be considered for that purpose, and these are insufficient to show any disqualification of the judge, or that the defendant could not have a fair and impartial trial before him.

By giving the notice of motion the defendant did not take from the court jurisdiction to proceed with the trial of the action. If the motion should be granted, and the judge be held to be disqualified, its previous action would be set at

naught; but, if the motion should be denied, its action would not be affected thereby.

The application for the writ is denied.

Cooper, J., and Hall, J., concurred.