[L. A. No. 3784.   Department Two.—October 14, 1916.]

MERCANTILE TRUST COMPANY OF SAN FRANCISCO (a Corporation), Plaintiff, v. SUNSET ROAD OIL COMPANY et al., Defendants; KERN VALLEY BANK, by W. R. WILLIAMS, Superintendent of Banks of the State of California, Cross-complainant and Respondent, v. SUNSET ROAD OIL COMPANY et al., Defendants and Appellants; W. R. WILLIAMS, Superintendent of Banks of the State of California, Intervener and Respondent.

JUDGE—BIAS AND PREJUDICE—REFUSAL TO CALL IN OTHER JUDGE TO HEAR MOTION FOR NEW TRIAL — APPEALABLE ORDER.—An order denying a motion made under section 170 of the Code of Civil Procedure, to have some other judge called to preside at the hearing of a motion for a new trial, on account of the alleged bias and prejudice of the local judge, is a special order made after final judgment and appealable as such, under the provisions of section 939 of that code as it existed prior to the amendment of 1915.

ID.—MOTION TO BE TRIED ON AFFIDAVITS—AFFIDAVIT OF JUDGE AS TO STATE OF MIND.—Under section 170 of the Code of Civil Procedure, the qualification of the local judge to preside in a case where sworn objection is made on the ground of his alleged prejudice must be tried on affidavits, and the judge must put in the form of an affidavit an account of his own state of mind, if his fairness is called in question.

ID.—WAIVER OF FILING OF JUDGE'S AFFIDAVIT PRIOR TO HEARING.—The right of the party seeking the substitution of another judge to have the allegations of prejudice contained in his moving affidavits traversed by the local judge's affidavit before there should be a decision upon the motion, may be waived, and was waived in this case by a stipulation made in open court by counsel of the moving party that the affidavit might be filed at any time.

ID.—APPEAL FROM ORDER DENYING MOTION—JURISDICTION OF LOCAL JUDGE.—On an appeal from an order refusing to call in another judge to hear a motion for a new trial, on account of the alleged prejudice of the local judge, the question of the jurisdiction of the local judge to hear any phase of the case, because of the fact that it had been tried by a judge of another county who had been called to try it, cannot be considered.

ID.—APPOINTED JUDGE—PREJUDICE OF GOVERNOR AGAINST LITIGANT.— The fact that a judge was appointed to office by a Governor who

entertained feelings of hostility to a litigant, furnishes no evidence that the judge would adopt the Governor's prejudices and decide the case not according to law, but in a manner that he might think pleasing to the appointing power.

APPEAL from an order of the Superior Court of Kern County refusing to call in another judge to preside at the hearing of a motion for a new trial. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, and R. P. Henshall, for Appellants Sunset Road Oil Company et al.

Donzel Stoney, G. S. Arnold, William Denman, A. A. De Ligne, and Denman & Arnold, for Respondents, Kern Valley Bank, and W. R. Williams, Superintendent of Banks of the State of California.

MELVIN, J.—Sunset Road Oil Company, W. S. Tevis, and other defendants appeal from an order overruling an objection by appellants to the hearing by Judge Peairs of a motion for a new trial made by the cross-complainant, Kern Valley Bank, and the intervener, the superintendent of banks, and denying their motion to have some other judge called to preside at the hearing of the motion for a new trial.

The cause was tried before Judge G. W. Nicol of Tuolumne County who presided by consent of all the parties instead of one of the judges resident in Kern County. After the trial of the case Judge Peairs was appointed to the superior bench and appellants made a motion and an objection under section 170 of the Code of Civil Procedure. An affidavit was filed alleging Judge Peairs' bias and prejudice, counter-affidavits were prepared and presented, and Judge Peairs, denying the prayer of appellants, proceeded to hear and determine the motion for a new trial.

Respondents insist that this court lacks jurisdiction to hear this appeal because, they say, an order denying a motion to call in another judge is not a "special order made after final judgment," and is not, therefore, appealable under the provisions of section 939 of the Code of Civil Procedure, as that statute existed prior to the amendment of 1915. They say

that any errors committed by the court in denying such a motion are reviewable on an appeal from the order granting the motion for a new trial. An order granting the motion for a new trial has been made in this case and an appeal therefrom is pending. Respondent relies upon such cases as *Kaltschmidt* v. *Weber,* 136 Cal. 675, [69 Pac. 497], and *Murphy* v. *Stelling,* 138 Cal. 641, [72 Pac. 176], which announce the rule that an order granting relief under section 473 of the Code of Civil Procedure, to one in default in presenting a bill of exceptions for settlement within the time required by law is not appealable separately "as a special order made after final judgment," while an order refusing such relief is so appealable. We find no analogy between this appeal and the one attempted in *Kaltschmidt* v. *Weber, supra;* nor does *Griess* v. *State Investment & Insurance Co.,* 93 Cal. 411, [28 Pac. 1041], support respondent's position. In the case last mentioned there was an effort to appeal from an order denying a motion to dismiss a motion for a new trial. It was declared by this court that such an order is not appealable because the refusal to dismiss a motion for a new trial does not dispose of the motion itself, and until some order is made by the trial court, which in effect grants or denies the motion for a new trial, neither party is aggrieved and there is nothing to appeal from. But in the case at bar the order refusing to call another judge to the hearing of the motion for a new trial, if erroneous, subjected the appellant, under a void proceeding, to a final judgment disposing of his rights. If error was committed it was not such as might be corrected on appeal from the order subsequently made granting the motion for a new trial by reversing that order on appeal, but the proper order to be made by this court would be one pronouncing void the order denying the motion to disqualify the judge. This would operate, not to reverse the order granting a new trial, but to vacate it and send the matter back for a hearing before a qualified judge. (*Keating* v. *Keating,* 169 Cal. 754–760, [147 Pac. 974].)

In *Estate of Friedman,* 171 Cal. 431, [153 Pac. 918], an appeal similar to this one was taken. It was the only appeal then before the court in that proceeding, and while the right of appellants to a separate appeal from the order there considered was not questioned, we think the court properly assumed jurisdiction of the controversy.

We will therefore decide this appeal on its merits. It is not necessary to discuss here the details of the litigation in the superior court, as certain appeals are pending from the judgment and from the order granting the motion for a new trial. The cause was tried in the superior court of Kern County, Judge Nicol of Tuolumne County presiding. After judgment motions for new trial were made by certain of the litigants, and Judge Nicol settled the statement on motion for a new trial. Subsequently the Honorable Howard A. Peairs was appointed judge of the superior court of the state of California, in and for the county of Kern. On October 24, 1913, the motions of the Kern Valley Bank and of the superintendent of banks for a new trial of the action so far as they were concerned were called for hearing before Judge Peairs. Thereupon the appellants objected to Judge Peairs, and moved that he forthwith secure the services of some other judge to preside at the hearing as required in proper cases by section 170 of the Code of Civil Procedure. This motion was supported by the affidavit of Gavin McNab, Esq., one of the attorneys for Sunset Road Oil Company, W. S. Tevis et al. In this affidavit it was directly charged that the judge was biased and prejudiced against one of the parties to the action, Mr. William S. Tevis. It also contained charges of constructive bias and prejudice on the part of the judge against Mr. Tevis based upon allegations which were in substance as follows: The Governor of California, who appointed Judge Peairs, was a bitter enemy of Mr. Tevis and of Mr. McNab, and as attorney for the defendants in some criminal proceedings instituted by Mr. Tevis against them he had filed affidavits abusing Mr. Tevis. The Governor's son was one of the attorneys in this case for the superintendent of banks, who was also one of the Governor's appointees. It was also alleged in the affidavit that instead of bringing the motion on for hearing before the judge who tried the case and settled the bill of exceptions, counsel had solicited Judge Peairs to hear the motion and that he had granted their request, although he was a judge of very little experience, and the record in the case was more than ten thousand pages long. The moving parties also offered to consent to a hearing before any judge who had been elected by the people and who then presided in any one of certain specified counties—a total of about thirty judges.

On the day when the affidavit was presented and read to the judge, opposing counsel filed an affidavit in response to it, by A. A. De Ligne, Esq., one of the attorneys for the superintendent of banks of the state of California. Among the averments contained in this document were those to the effect that the Governor of California had selected and appointed Judge Peairs only because of his fitness, and not to influence judgments in this or other cases; that the superintendent of banks took no part in the selection of the said judge; that the Governor's son, although an attorney of record in this case, had never taken any part nor rendered any services in the action since the filing of the pleadings; that the compensation of the Governor's son was in no manner contingent upon the outcome of the action; and that the chief executive officer of California was not influenced, in his appointment of Judge Peairs, by bias or prejudice against Mr. W. S. Tevis, nor against any other person whereby said W. S. Tevis or any other person could not have a fair and impartial hearing on the motion. There were other allegations impugning the motives of opposing counsel in seeking a hearing before some judge not of Kern County, but as they are immaterial to the issues involved we will not discuss them.

After the reading of Mr. De Ligne's affidavit Mr. Stoney, one of his associates, called the court's attention to the fact that, under the decisions of this court, a judge might properly file an affidavit touching the matter of his alleged prejudice. Then the following proceedings were had:

"The Court. The court will state that it has absolutely no knowledge of the facts connected with this case. I am not acquainted with the attorneys, nor am I acquainted with the facts, and leaving aside the affidavit filed by Mr. McNab, I have no possible reason for any bias or prejudice in the case. Concerning the affidavit itself, I will make no comments. If the counsel in the case desire to stipulate that the matter be heard before some other judge, it will relieve me of a great deal of work, but in so far as making any ruling in the case upon the ground that I am biased or prejudiced, it would not be possible. If the counsel desire an affidavit from me to that effect and will prepare it, I will take a recess of the court for such time as deemed necessary.

"Mr. Stoney. If Mr. Henshall will stipulate that the affidavit will be dispensed with, but that the statement of the

court may be regarded as an affidavit, we say that there will be no necessity for the making of the affidavit.

"The Court. I wish to say to counsel that I have no desire to hear the matter, but that I am not disqualified in any manner.

"Mr. Henshall. I do not think that a request like that should be made of me. I do not think I should be called upon to do it.

"Mr. Stoney. I will ask you to stipulate that if the affidavit is filed to-day, it may be deemed to have been filed at this time.

"Mr. Henshall. It can be filed at any time."

After some further conversation between court and counsel which we need not reproduce here a short recess was had, and upon the reconvening of court the following occurred:

"The Court. I will say, gentlemen, that I have carefully read the affidavit of Mr. McNab, and there are no features of this affidavit worthy of consideration, except those relating to the trial judge, G. W. Nicol; that under the stipulation,— the last clause of that affidavit asked this court to designate some other judge to hear this motion for a new trial, which if I should do, under the affidavit as filed would be a reflection upon Judge Nicol, which could not be said to be the case, when I set this matter for hearing before this court, as I had no knowledge at that time of the fact that it had been tried before any judge other than Judge Bennett. The clerk of the court here can tell you that I had not opened Mr. Shaw's letter, and knew nothing of the facts of the case when I set it for this date, and in view of all the circumstances, and considering the affidavit, I will hear the motion for a new trial.

"Mr. Henshall. I understand that the objection was formally overruled?

"The Court. It is.

"Mr. Henshall. And that the motion to call in another judge under section 170 of the Code of Civil Procedure is denied.

"The Court. It is."

A formal order embodying the substance of the oral statement of the judge was thereupon entered in the minutes of the court. One of the paragraphs of said order was as follows:

"Pursuant to stipulation of counsel for respective parties, including R. P. Henshall and Donzel Stoney, in open court,

it is by the court ordered that the affidavit of the court in answer to the affidavit of Gavin McNab heretofore filed be presented later and considered as filed at this time."

The court then proceeded to hear argument on the motion for new trial. This hearing was continued from time to time pursuant to regular adjournments. One of the days upon which argument was heard was November 10, 1913, and on that day in the presence of the attorneys for all of the interested parties the affidavit of Judge Peairs was "produced in open court and filed with the clerk of said court, and said clerk of said court did then and there deliver to and serve upon each of the said attorneys, R. P. Henshall, T. O. Toland and A. E. Shaw, a copy thereof, and such service and such filing was had and done with the full knowledge of all of said attorneys and without objection of any kind thereto."

This affidavit, dated November 8, 1913, contained emphatic denial by Judge Peairs of any bias or prejudice against the litigants objecting to his presiding at the hearing of the motion. The judge deposed that, while he had been regularly appointed by the Governor of California that official had never discussed nor mentioned this case nor any litigation of any kind pending in Kern County; that he had no knowledge of the Governor's hatred toward W. S. Tevis, nor any other party to the action, except such information as he received from Mr. McNab's affidavit; that if such feeling existed he was not prejudiced by it; that the fact of the Governor's son being connected with the case would not cause prejudice nor bias for or against any litigant in the case; that he was not aware of any interest in the case on the part of the state's chief executive officer, but that if such interest did exist it would cause no bias nor prejudice in the mind of the affiant; and that his sole desire was to see the laws applied to the facts in this cause with equal and exact justice to all the parties.

The appellants contend that under the authority of certain decisions of this court, notably *Bassford* v. *Earle*, 162 Cal. 115, [121 Pac. 395], there was no sufficient contradiction of the affidavit asserting the judge's prejudice at the time when the motion under section 170 of the Code of Civil Procedure was denied. Undoubtedly under our statute, the qualification of the judge to preside in a case where sworn objection is made on the ground of his alleged prejudice, must be tried on affidavits, and the judge must put in the form of an affidavit an

account of his own state of mind, if his fairness is called in question, but in this case counsel waived the filing of a formal affidavit until such time as the court might conveniently put in form and solemnly swear to a statement substantially equivalent to the declaration which he had made in open court. The petitioners were entitled to have the allegations of prejudice contained in Mr. McNab's affidavit traversed by the judge's affidavit before there should be a decision upon their motion, but this was a right which they might waive, and they did waive it. Mr. Stoney asked a stipulation that if the affidavit should be filed the day of the hearing, it might be deemed to have been filed at the hour of the hearing. Opposing counsel with great generosity said: "It can be filed at any time." Subsequently when asked to stipulate that the judge might have five days in which to file the affidavit he said: "Anything that the court desires to do in that regard will have no opposition from me." This amounted to a waiver of the strict letter of the statutory requirement. It was entirely analogous to an agreement that the court may proceed without the formal presentation of a pleading the substance of which is known to both parties. Such arrangements are common in the practice of law, and many times the filing of a formal amended complaint or answer follows the actual decision of the cause.

The affidavits on behalf of the respondents were sufficient to support the ruling of the court, refusing to call another judge. We find no uncontradicted assertion of bias nor was there a showing of constructive bias sufficient to support the motion. Section 170 of the Code of Civil Procedure points out three ways in which a judge may be disqualified. These are, (1) by interest in the case; (2) by relationship to a party or attorney; and (3) by former participation as an attorney, and "constructive bias" is not one of them.

Appellants further argue that since Judge Nicol had been called to try the case Judge Peairs never acquired jurisdiction to hear any phase of it, but that is a question which, if pertinent at all, could not be raised on the motion before the court. It might have been raised by some other appropriate proceeding, but the only question presented by this record is the correctness or incorrectness of the ruling declining to call in another judge. That question was determined upon conflicting testimony, and we will not disturb the court's ruling

as we do not find any abuse of discretion. We fail to see how the appointment of a judicial officer by a Governor would even have a tendency to cause the former to adopt all the latter's prejudices and to decide cases not according to law, but in a manner which he might think pleasing to the appointing power.

The order is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.