[Civ. No. 3642.   First Appellate District, Division One.—December 23, 1920.]

## Z. B. STUART, Appellant, v. ROSE EVERLY, Respondent.

[1] PLACE OF TRIAL—MOTION FOR CHANGE—BIAS OF JUDGE—TIME FOR FILING COUNTER-AFFIDAVITS.—A motion for a change of place of trial from one county to another based upon the alleged bias and prejudice of the judge of the court before which the action is pending, as distinguished from a proceeding to have that judge select another judge from the same or another county, is controlled by the provisions of section 397 of the Code of Civil Procedure, which include no time limit within which counter-affidavits may be filed.

[2] ID.—ADMISSION OF ORAL TESTIMONY—ABSENCE OF ERROR.—Conceding that a motion for a change of place of trial from one county to another, based upon the alleged bias and prejudice of the judge of the court before which the action is pending, must be heard upon affidavits, that rule is not violated by said judge's being sworn as a witness on the hearing of such motion, where all he testifies to in effect is that the matters set forth in his affidavit are true.

APPEAL from an order of the Superior Court of Monterey County denying a motion for change of place of trial. J. A. Bardin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Z. B. Stuart, *in pro. per.*, C. W. Byrer and J. W. Hocker for Appellant.

Ralph C. McComish for Respondent.

KERRIGAN, J.—This is an appeal from an order refusing plaintiff's motion to change the place of trial in an action wherein the plaintiff seeks to recover, in payment of professional services rendered as an attorney at law, a specified interest in certain real property to which he alleges he is entitled under the terms of a contract between him and the defendant.

Plaintiff demanded that the place of trial of the action be changed from Monterey County to San Benito County, basing his motion upon the ground that he could not have

a fair trial in Monterey County, first, for the reason that the citizens thereof were prejudiced against him, and, secondly, on account of the alleged bias and prejudice of the judge of the superior court of that county against him.

The motion was denied, and the plaintiff appeals.

As to the allegation of the motion based upon the alleged prejudice of citizens against the plaintiff, the court's action in so far as it has reference to that phase of the motion is not attacked; nor could it well be, no proper showing having been made or attempted on that ground. [1] As to the other allegation, concerning the state of mind of the judge of the superior court toward the plaintiff, the appellant urges that the trial court should not have considered the affidavit of the defendant for the reason that it was not filed within five days after plaintiff's affidavit was filed. Subdivision 4 of section 170 of the Code of Civil Procedure provides that when it is sought to show that the judge before whom the case is about to be tried cannot give either party a fair and impartial trial by reason of prejudice or bias, said judge shall forthwith secure the services of some other judge of the same or another county to preside at the trial of the action; and that the affidavit alleging the disqualification of a judge must be served upon the adverse party at least one day before the day set for the trial of such action, and that the counter-affidavit "may be filed at least one day thereafter, or such further time as the court may extend the time of filing such counter-affidavit not exceeding five days. . . . "

Passing the point that this provision of the Code of Civil Procedure is directory only, a complete and simple answer to the appellant's position is that the present proceeding is not based upon subdivision 4 of section 170, for it is not sought to have the trial judge select another judge from the same or another county, but the motion is for change of the place of trial from one county to another, and therefore is controlled not by those provisions, but by the provisions of section 397 of the Code of Civil Procedure, and these include no such limit of time. (*Dakan* v. *Superior Court,* 2 Cal. App. 52, [82 Pac. 1129].) It is clear that the motion was not based upon the last-mentioned section through inadvertence, for the plaintiff demanded not merely a change of judges, but that the trial of the action be trans-

ferred to another county, supporting his demand by an allegation of bias and prejudice on the part of the citizens of the county of Monterey, and the same conclusion is indicated by the circumstance that at the completion of the hearing upon this matter the plaintiff in effect declined to consent to the suggestion of the trial judge that the judge of the superior court of San Benito County be called in to preside at the trial, who is the judge before whom the case would have been tried if the case had been transferred to the county demanded in plaintiff's motion.

[2] Conceding that the rule is that a motion of this character must be heard upon affidavits (*Mercantile T. Co. of S. F.* v. *Sunset Road Oil Co.*, 173 Cal. 487, [160 Pac. 545]), it was not violated in this proceeding, for while the presiding judge was sworn as a witness, all he testified to in effect was that the matters set forth in his affidavit were true. In being sworn as a witness it would appear that he merely intended to submit himself to cross-examination.

The order is affirmed.

Richards, J., and Seawell, P. J., *pro tem.*, concurred.