[Civ. No. 6937. Second Appellate District, Division One.—February 17, 1930.]

R. H. GOLISH, Appellant, v. BOB FEINSTEIN, Respondent.

Frazier McIntosh for Appellant.

Samuel A. Miller and Paul J. Ziegler for Respondent.

HOUSER, J.—This is a motion to dismiss an appeal from an order by which following a default judgment in the action, plaintiff's objections to the hearing by a designated judge of the Superior Court (because of his alleged bias and prejudice) of any issue of fact or law arising therein, were denied.

More particularly, the facts appear to be that, after the default judgment had been entered, defendant served and filed his several notices of intention to vacate both the default and the ensuing judgment, to recall the execution issued on said judgment, to stay its execution, and to quash its execution; also, to strike the complaint and various specified paragraphs thereof. Thereafter, plaintiff filed with the clerk of the court objections to the hearing of any further issue of either fact or law by the judge presiding in the department of the Superior Court where the several matters were set for hearing, on the ground, primarily, that by reason of the bias or prejudice of said judge a fair and impartial hearing or trial could not be had before him. By order of the trial court, such objections were, and each of them was, overruled. Whereupon plaintiff gave notice

of appeal from such order. The reason here urged for the dismissal of the appeal is that no appeal lies from an order of the character of that here in question.

In moving to dismiss the appeal reliance is placed in the general rule that, although under the provisions of subdivision 2 of section 963 of the Code of Civil Procedure, an appeal may be taken "from any special order made after final judgment," before an order properly may be said to be "special," it must appear that in some manner it affects the judgment itself, or at least bears some relation to it, either as to its enforcement or as to the prevention or the staying of its execution. (2 Cal. Jur. 155; *Griess* v. *State Inv. & Ins. Co.*, 93 Cal. 411 [28 Pac. 1041]; *Kaltschmidt* v. *Weber*, 136 Cal. 675 [69 Pac. 497]; *Watson* v. *Pryor*, 49 Cal. App. 554 [193 Pac. 797].) But, however apparently unanimous in expression and however sound in reasoning the authorities may appear to be which deal abstractly in the discussion of a legal principle, nevertheless, they must yield to a contrary view when expressed concretely and in relation to and in consideration of basic facts. In the case of *Mercantile Trust Co.* v. *Sunset Road Oil Co.*, 173 Cal. 487 [160 Pac. 545], the question presented to the court for its consideration consisted of whether in the circumstances there present an order denying a motion to have a designated judge called to preside at the hearing of a motion for a new trial, on account of the alleged bias and prejudice of the judge whose place the designated judge was expected to occupy, was a "special" order within the meaning of the statute, and appealable as such. After giving consideration to the several expressions of opinion relating to the question, as announced in various adjudications by the Supreme Court of this state, the conclusion was reached that the situation presented was one which fell within that portion of the provisions of subdivision 2 of section 963 of the Code of Civil Procedure which provides that a "special order made after final judgment" is appealable. It is there declared that the effect of a successful appeal from an order by which the right of the appellant to have a qualified judge sit in judgment at the hearing of a motion for a new trial was denied would be one, not reversing the subsequent order by which a new trial was granted, but which would "send the matter back for hear-

ing before a qualified judge." So in the instant case, assuming that by order of the judge whose disqualification is alleged the default of the defendant should be vacated, the ensuing judgment set aside and, on final hearing of the action, judgment should be rendered in favor of the defendant—in an appeal by the plaintiff from such judgment, if the appellate tribunal should be of the opinion that prejudicial error was committed by the trial court in overruling the several objections interposed by the plaintiff, which primarily were based upon the disqualification of the trial judge to impartially hear and determine the motions made by the defendant—to quote the pertinent language appearing in the cited authority, "the proper order to be made by this court would be one pronouncing void the order denying the motion to disqualify the judge. This would operate, not to reverse the . . . (judgment), but to vacate it and send the matter back for a hearing before a qualified judge." (*Mercantile Trust Co.* v. *Sunset Road Oil Co.,* 173 Cal. 487, 489 [160 Pac. 545, 546].)

█ Assuming the correctness of the conclusion indicated in such authority, it would follow that the appeal herein is from a "special order made after final judgment," and, consequently, that the motion to dismiss the appeal is not well taken.

It is ordered that the motion to dismiss the appeal be and it is denied.

Conrey, P. J., and Craig (Elliot), J., *pro tem.,* concurred.