GEORGE B. CAREY, DBA WHITE SEWING MA-
CHINE AGENCY, *v.* THE DISCOUNT CORPORA-
TION, LIMITED, DEFENDANT; BISHOP NA-
TIONAL BANK OF HAWAII AT HONOLULU,
GARNISHEE.

No. 2455.

ARGUED JANUARY 10, 1941.                    DECIDED FEBRUARY 4, 1941.

COKE, C. J., PETERS AND KEMP, JJ.

*Per Curiam.* The suggestion has been made by
defendant-appellee that Mr. Justice Peters is disqualified
to sit upon the appeal of the within cause for the reason
that both he and his wife have a pecuniary interest in the
issue thereof within the provisions of section 84 of the
Hawaiian Organic Act.

The within cause is one in assumpsit for money had
and received.

It seems that the wife of the justice is a life beneficiary
of income, the principal from which the same accrues,
consisting in part of shares of the capital stock of the
Bishop National Bank of Hawaii at Honolulu, a national
bank, and that according to the affidavit filed in support of
the suggestion of disqualification, the bank is the equitable
owner of preferred and common stock, in excess of a
majority issued and outstanding, of the defendant corpora-
tion, The Discount Corporation, Limited, from which the
defendant-appellee argues that the wife of the justice is
in effect a shareholder in the defendant, the Discount
Corporation, and hence the justice, through her, has a
pecuniary interest in the cause within the meaning of
section 84 of the Hawaiian Organic Act.

Before we can say that Mr. Justice Peters, through his wife, has a pecuniary interest in the issues of the case we must be advised of the facts. The affidavit of counsel filed in support of the suggestion of disqualification merely recites the number of shares of common and preferred stock of the Discount Corporation, at par, issued and outstanding, the number of shares, the legal ownership of and title to which are in the The Bishop Company, Limited, another domestic corporation, and that the bank is the equitable owner of said stock. This in our opinion is insufficient to advise the court whether, upon the facts, the rule applicable to stock ownership, as a ground of disqualification, applies in respect to the Discount Corporation similarly as if the bank were the party defendant instead of the Discount Corporation.

The plaintiff-appellant demurred to the suggestion of disqualification filed in support thereof upon the grounds that the allegations in respect to stock ownership by the national bank in the Discount Corporation were mere conclusions of law and that the same were deficient in failing to set forth the facts from which the court might determine whether a ground for disqualification exists. The demurrer upon the special grounds referred to is well-taken.

Ordinarily the suggestion of disqualification or affidavit filed in support thereof should set forth the facts upon which the alleged disqualification is based and not mere conclusions of law. As said in *Inhabitants of Northampton & others* v. *Smith & others*, 11 Metc. 390, 395 (Mass.) : "It [the disqualification] must therefore depend upon facts capable of being precisely averred and proved, and thus put in issue and tried." The same thought is objectively expressed by the appellate division of the supreme court of New York thus: "The interest which will disqualify a judge to sit in a cause need not

be large, but it must be real. It must be certain, and not merely possible or contingent; it must be one which is visible, demonstrable, and capable of precise proof." *People* v. *Whitridge*, 129 N. Y. S. 300, 304. (See also 33 C. J., tit. Judges § 183, p. 1014; *Dakan* v. *Superior Court*, 2 Cal. App. 52, 82 Pac. 1129.)

An additional ground of disqualification is that Mr. Justice Peters has a direct pecuniary interest in the cause as a contingent beneficiary for life in the same income now enjoyed by his wife in the event that he survives the latter. Whether this is a disqualifying circumstance depends upon the same facts.

The special grounds of demurrer considered are therefore sustained with leave to the defendant-appellee, upon application therefor, to amend its suggestion of disqualification.

*P. Silver* of the firm of *Cass & Silver* for the demurrer.

*J. R. Cades* of the firm of *Smith, Wild, Beebe & Cades* contra.

*C. N. Tavares* of the firm of *Hewitt & Tavares* appeared but did not argue.