[Civ. No. 2426.    Fourth Appellate District.—June 30, 1939.]

LYNN  ELLIOTT, Appellant, v. MELBOURNE  LEROY
KREMER et al., Respondents.

Sarau & Thompson for Appellant.

Kelley & Hews for Respondents.

BARNARD, P. J.—In this action for damages a judgment
of nonsuit was entered on October 21, 1938.   Notice of ap-
peal was filed on November 21, 1938.   On January 24, 1939,
an order was entered relieving the plaintiff from default in
the preparation, serving and filing of a bill of exceptions and
denying a motion of the defendants for an order terminating
the preparation of a record on appeal.   A bill of exceptions
was settled on February 3, 1939, and filed in this court on
March 6, 1939.

On April 18, 1939, defendants filed notice of a motion to
dismiss the appeal, noticing the same for May 9, 1939.   Pur-
suant to a stipulation this was continued to June 13, 1939.
This motion was based upon the grounds that the bill of
exceptions was not filed within the time allowed by law, that

no adequate showing for relief under section 473 of the Code of Civil Procedure was made by the plaintiff, and that the trial court exceeded its jurisdiction in making the order granting such relief, and in receiving and settling the bill of exceptions. The motion was accompanied by and based upon an affidavit of one of the counsel for defendants, a certificate of the clerk and copies of the judgment, notice of entry of judgment, notice of appeal, notice of motion to terminate appeal, an affidavit in support thereof, notice of motion to be relieved from default, several affidavits in support thereof, an affidavit in opposition thereto, the order relieving from default and denying motion to terminate proceedings on appeal, and the trial judge's statement of the objections made by the defendants to a settlement of the bill of exceptions.

On May 13, 1939, the defendants filed a notice of motion for diminution of the record, asking to have the papers last referred to, copies of which were attached to the motion to dismiss, incorporated in and made a part of the record on this appeal. The motion to dismiss and motion for diminution of the record were submitted on June 13, 1939.

█ The purpose of these motions is to secure a dismissal of the appeal on the general ground that the court abused its discretion in granting the motion for relief and in refusing to enter an order terminating the proceedings for the preparation of a record. It has been held that such orders are not appealable orders and that the sufficiency of an order granting relief from default in preparing a record may be attacked on the appeal from the judgment. (*Landreth* v. *Ducommun,* 8 Cal. (2d) 694 [68 Pac. (2d) 231].) Although not necessary to the decision in that case it was suggested, in *Hohnemann* v. *Pacific Gas & Elec. Co.,* 29 Cal. App. (2d) 551 [85 Pac. (2d) 151], that an order denying a motion to terminate proceedings for the preparation of a transcript on appeal might also be attacked through a motion to dismiss the appeal.

Assuming that the last-named procedure is proper in some cases it does not follow that it should be permitted and acted upon in all cases. The court has a rather broad discretion in passing upon motions for relief under section 473. Its action in granting such relief might well be sustained upon less grounds in one case than in another. Many things may be taken into consideration and sometimes these are affected

by what has previously occurred. It follows that in some cases it may better serve the ends of justice to consider the sufficiency of the order granting relief in connection with the record on the main appeal.

The delay in this instance was not great, there is no indication that the defendants were injured in any way, and there are several circumstances which indicate that justice will better be served by a full presentation of the matter in connection with the appeal from the judgment, with such assistance as counsel may be able to give the court through the usual briefs and argument.

For these reasons and to the end that the matter may be fully presented on the appeal from the judgment, the motion to dismiss is denied. For the same reasons and to the same end the motion for diminution of the record is granted.

Marks, J., concurred.