[No. 13864.   Department Two. — February 17, 1892.]

GEORGE GRIESS, RESPONDENT, v. THE STATE INVESTMENT AND INSURANCE COMPANY, RESPONDENT.   A. MEYER, APPELLANT.

| | 93 | 411 |
|---|---|---|
| | 136 | 676 |
| | 136 | 677 |

APPEAL — NON-APPEALABLE ORDER — REVIEW OF ORDER REFUSING TO DISMISS MOTION FOR NEW TRIAL. — An order denying a motion to dismiss a motion for a new trial is not an appealable order, nor can an exception to the ruling be considered upon an appeal, unless it is made part of the record upon appeal from an order which grants, or which in effect operates as a denial of, the motion for a new trial.

ID. — ORDER REFUSING TO AMEND MINUTES. — An order denying a motion to amend the minutes of the trial court after judgment is not a special order made after final judgment, within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure, and is not an appealable order nor subject to review by the ordinary process of appeal.

TRIAL — ORAL STIPULATION OF ATTORNEYS — AMENDMENT OF MINUTES — NEW-TRIAL STATEMENT. — An oral statement or admission made by the attorneys upon the trial, and to the court, to obviate proof of a stipulated fact, may be acted upon by the court in giving its judgment, or in its instructions to the jury, though not entered upon the minutes of the court; nor need the minutes be amended to show the stipulation, but it may be shown in the statement or other record on motion for new trial.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a motion to dismiss a motion for a new trial, and from an order denying a motion to correct the minutes of the court.

The facts are stated in the opinion of the court.

F. A. Meyer, and W. B. Haskell, for Appellant.

O'Brien, Morrison & Daingerfield, for Respondent Griess.

Fisher Ames, for Respondent State Investment and Insurance Company.

DE HAVEN, J. — The State Investment and Insurance Company executed to plaintiff Griess a policy insuring him against loss from fire of property therein described in the sum of two thousand five hundred dollars, of which amount fifteen hundred dollars was to be paid to

defendant Meyer. The loss occurred, and plaintiff brought suit upon the policy to recover the amount thereby agreed to be paid, and as defendant Meyer would not join as a plaintiff, he was made a defendant, so that his interest therein might be determined. Both defendants answered, the insurance company denying its liability, and the defendant Meyer setting forth his interest in the policy, with a demand for a judgment against his co-defendant for the amount alleged to be due him.

The case was tried by a jury, and upon the trial it was orally agreed by all of the parties that the interest of Meyer in the policy sued upon was $1,202.75, and that the jury should find a verdict for the plaintiff or the defendant without any reference to defendant Meyer. This agreement was taken down by the reporter, but was not entered upon the minutes of the court. The case was submitted to the jury, the court saying to them: "So far as the defendant Meyer is concerned, it is stipulated by counsel that he is out of the case, and also so far as your deliberations are concerned." The jury returned a verdict in favor of plaintiff for the sum of $2,252.50, and judgment was thereupon entered in favor of the plaintiff for that sum, and against the defendant insurance company, but no mention is made in the judgment of the rights of the defendant Meyer, or of any interest which he may have in the amount recovered by plaintiff. The defendant insurance company moved for a new trial, but did not serve a copy of its proposed statement upon its co-defendant, Meyer, and Meyer thereupon moved the court to amend its minutes by entering therein the oral agreement above referred to, and also to dismiss the defendant's motion for a new trial because no statement on motion for new trial had been served upon him; both motions were denied, and from the order denying them the defendant Meyer appeals.

1. The order from which this appeal is taken is not, as to either of its branches, an appealable one.

The refusal to dismiss a motion for a new trial does

not finally dispose of the motion itself, and until some order is made by the trial court which has the effect to either grant or deny the motion for a new trial, neither party can be said to be aggrieved, and there is nothing to appeal from.   The adverse party has the right to resist a motion for a new trial by a counter-motion to dismiss, and if overruled, he may preserve his exception in the bill of exceptions, which becomes part of the record upon appeal from the final order of the court, and of which he may avail himself upon such appeal; but the refusal of the court to dismiss the motion for a new trial is not itself the subject of a distinct appeal, nor can the exception to such a ruling be considered, unless it is made part of the record upon appeal from an order which finally disposes of the motion for a new trial.

In this view of the case, it is unnecessary to determine at this time whether the appellant was entitled to be served by his co-defendant with the proposed statement on motion for a new trial.

2. That part of the order denying the motion to amend the minutes of the court is also clearly not appealable.   It was not a special order made after final judgment, within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure.   It in no manner affected the judgment or bore any relation to it, either by way of enforcing it or staying its operation, nor did it concern any pending motion in the case itself. It was only the determination of the court that its minutes did not require correction, and the action of a court of record in such a matter is not subject to review by the ordinary process of appeal.   The oral statement or admission made by the attorneys upon the trial, and to the court, was evidently made for the purpose of obviating the necessity of introducing evidence to prove the fact admitted, and it was competent for the court to act upon such admission in giving its judgment, although the admission was not entered upon its minutes. The parties acted upon it in refraining to offer such proof, as did also the court in withdrawing such matter

from the consideration of the jury. If the court did not give effect to this admission in the judgment rendered by it, the error cannot be corrected by merely causing the admission to be now spread upon the minutes of the court, nor would such entry in any way affect the pending motion for a new trial. The same matter, and with the same effect, can be shown in the statement or other record on motion for new trial.

Appeal from the order dismissed.

Sharpstein, J., and McFarland, J., concurred.