[S. F. No. 3126.   Department One.—June 28, 1902.]

ELEONORA KALTSCHMIDT, Respondent, v. ADOLPH H. WEBER, Executor, etc., of Charles G. Schneider, Deceased, Appellant.

APPEAL—NEW TRIAL—ORDER SETTLING BILL AFTER DEFAULT IN PRE-SENTING.—An order relieving a party moving for a new trial from his failure to present his bill of exceptions for settlement within the time required by law, upon. the ground that such failure was excusable and owing to inadvertence, is not appealable, as it is not "a special order made after final judgment," within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure, although it was made subsequent to the entry of judgment. The action of the court in the settlement of the bill should be incorporated in the record on the motion for the new trial, and the order may be reviewed on appeal from the order made on the motion.

APPEAL from an order of the Superior Court of the City and County of San Francisco relieving a party moving for a new trial from the effects of a failure to present his bill of exceptions for settlement within the time required by law. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Alexander D. Keyes, for Appellant.

Arthur H. Barendt, and Charles E. Naylor, for Respondent.

HARRISON, J.—Motion to dismiss the appeal.

After a judgment of nonsuit had been entered in the above-entitled action, the plaintiff served upon the defendant a proposed bill of exceptions to be used upon his motion for a new trial, to which the defendant served his proposed amendments. The plaintiff gave notice to the defendant that he did not accept the amendments, and that on a day designated he would present the same for settlement to the judge who had tried the cause. On that day the defendant objected to the settlement of the bill upon the ground that the same was not presented within the time allowed by law, presenting an affidavit in support of his objection. The judge continued the hearing until a subsequent day, at which time the plaintiff applied to be relieved from his neglect to present the bill for settlement, upon the ground that such neglect was excusable and owing to inadvertence, and presented certain affidavits in support of his motion. Affidavits in opposition thereto were also presented on the part of the defendant, and upon hearing the same the court granted the plaintiff's motion for relief. From this order the present appeal has been taken. The respondent now moves to dismiss the appeal upon the ground that the order is not appealable.

The order appealed from is not "a special order made after final judgment," within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure, although it was made subsequent to the entry of judgment. "It in no manner affected the judgment, or bore any relation to it, either by way of enforcing it or staying its operation." (*Griess* v. *State Investment etc. Co.*, 93 Cal. 411.) Neither is it a final determination of any matter affecting the appellant in the proceeding before the court in which it was made. A motion for a new trial under our system is a proceeding independent of the proceedings leading up to the judgment. It is in the nature of a collateral proceeding for the purpose of vacating and setting aside the judgment, and is heard and determined upon a record of its own. (*Spanagel* v. *Dellinger*, 38 Cal. 278.) The order made thereon is to be reviewed upon this

record without any consideration of the record of the judgment, and irrespective of any appeal therefrom. (*Brison* v. *Brison,* 90 Cal. 323.) In making up this record the action of the court in the settlement of the bill of exceptions or statement upon which the motion is to be heard, or in any other proceedings connected therewith, can be incorporated therein and reviewed upon the appeal from the order. The practice in this respect is clearly pointed out by Mr. Hayne in his work on New Trial (sec. 146), and this practice has been approved by this court. (*Henry* v. *Merguire,* 106 Cal. 142; *Wheeler* v. *Karnes,* 125 Cal. 51; *Banta* v. *Siller,* 121 Cal. 414.) The case last cited is in many respects like the present, as it involved the action of the court in relieving a party from his neglect to present the bill of exceptions for settlement within the time prescribed by statute.

In the cases cited by the appellant the order from which the appeal was taken was a final disposition of the rights of the appellant in some matter involved in the proceeding before the lower court,—"final in the sense that the question could not be again considered in the case" (*Pignaz* v. *Burnett,* 119 Cal. 157),—and left him no other remedy than by appeal, whereas in the present case the order appealed from is only a ruling of the court upon an ancillary motion made by the plaintiff in the proceeding for a new trial, and does not finally dispose of the motion, any more than would an order extending the time for preparing the bill of exceptions, or continuing the hearing upon its settlement beyond that allowed by the statute. If the motion for a new trial is denied, the appellant will not be "aggrieved," or even desirous of an appeal. If it is granted, he can appeal from the order, and the action of the court now objected to can be reviewed upon the record upon which the motion for a new trial was heard, wherein the several rulings and orders of the judge may be incorporated, as hereinabove shown. A question kindred to the present was presented in *Griess* v. *State Investment etc. Co.,* 93 Cal. 411, upon which the court said: "The refusal to dismiss a motion for a new trial does not finally dispose of the motion itself, and until some order is made by the trial court which has the effect to either grant or deny the motion for a new trial neither party can be said to be aggrieved, and there is nothing to appeal from. The

adverse party has the right to resist a motion for a new trial by a counter motion to dismiss, and, if overruled, he may preserve his exception in the bill of exceptions, which becomes part of the record upon appeal from the final order of the court, and of which he may avail himself upon such appeal. But the refusal of the court to dismiss the motion for a new trial is not itself the subject of a distinct appeal, nor can the exception to such a ruling be considered, unless it is made part of the record upon appeal from an order which finally disposes of the motion for a new trial.''

The propriety of this practice is seen by a consideration of the results of a different course. After the plaintiff had been relieved from his neglect, the judge would proceed with the settlement of the bill, as the appeal from the order would not affect his right or authority to do so. The motion for a new trial would be heard upon the bill as thus settled, and upon an appeal therefrom the action of the court would be considered upon this record, whereas, if the action of the court in granting the plaintiff's motion could be considered upon an independent appeal, the motion for a new trial may be determined and become final before the appeal from the order is heard. (See *Whipple* v. *Hopkins,* 119 Cal. 349.)

The motion is granted and the appeal is dismissed.

Van Dyke, J., and Garoutte, J., concurred.