[S. F. No. 11642. In Bank.—February 1, 1926.]

FANNIE D. LAKE et al., Petitioners, v. T. W. HARRIS, as Judge, etc., Respondent.

[1] APPEAL — ALTERNATIVE METHOD — AUTHENTICATION OF RECORD — ABSENCE OF REPORTER.—Where there is no office for the reporter to perform at the hearing of a motion or other proceeding, and consequently there is no reporter present, nevertheless the appellant may proceed under the alternative method and it is the duty of the trial judge to authenticate all papers, records, and files which are essential to a proper determination of the appeal.

[2] ID.—JUDGMENT-ROLL—CERTIFICATION OF TRANSCRIPT.—The effect of the amendment of section 953a of the Code of Civil Procedure in 1915 was to authorize the preparation of a record under that section even when the appeal is on the judgment-roll alone; and it is competent for the clerk to certify only the judgment-roll and the

1. See 2 Cal. Jur. 631.
2. See 2 Cal. Jur. 633, 666.

notice of appeal, and the judge may refuse to certify the clerk's transcript when it comprises only those documents.

[3] ID. — SPECIAL ORDER AFTER JUDGMENT — WHEN APPEALABLE. — In order that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution.

[4] ID. — ORDER STRIKING CERTIFICATE FROM TRANSCRIPT — RECORD — MANDAMUS.—An order by the trial judge striking his certificate from the clerk's transcript on appeal prepared under the alternative method is but an ancillary or procedural matter prescribed by statute in connection with the preparation of the record on appeal, and the making thereof neither added to nor subtracted from the relief granted by the judgment; and, such order not being appealable, *mandamus* will not lie to compel the trial judge to certify a record on appeal from such order.

[5] ID. — AUTHENTICATION OF RECORD — DUTY OF TRIAL JUDGE — MANDAMUS—ERRONEOUS TRANSCRIPT.—Where an appeal is taken under the alternative method, it is the duty of the trial judge to properly authenticate that portion of the record which cannot be certified by the clerk, and *mandamus* is the proper remedy to compel the trial judge to perform that duty; and the appellant should not be prejudiced by reason of the fact that, without his fault, certain of the proceedings specified in his notice are omitted from the reporter's transcript and are erroneously included in the clerk's transcript.

(1) 4 **C. J.**, p. 205, n. 93.   (2) 3 **C. J.**, p. 529, n. 57; 4 **C. J.**, p. 205, n. 93, p. 446, n. 73.   (3) 3 **C. J.**, p. 457, n. 31.   (4) 4 **C. J.**, p. 457, n. 79.   (5) 4 **C. J.**, p. 446, n. 73, p. 457, n. 79.

PROCEEDING in Mandamus to compel T. W. Harris, Judge of the Superior Court of Alameda County, to authenticate a transcript on appeal.   Dismissed.

The facts are stated in the opinion of the court.

Fred W. Lake, *in pro. per.,* and Anson Hilton for Petitioners.

Fitzgerald, Abbott & Beardsley for Respondent.

SHENK, J.—Application for a writ of mandate to compel the respondent to authenticate a transcript on appeal.

3.   See 2 Cal. Jur. 153.
4.   See 2 Cal. Jur. 635.

Upon the filing of the petition an order was issued requiring
the respondent to show cause, if any he had, why an alter-
native writ of mandate should not issue. No alternative
writ has been issued. The matter is submitted on a general
demurrer to the petition.

It appears that in an action in ejectment in the superior
court in and for the county of Alameda, wherein the Cen-
tral Savings Bank of Oakland was plaintiff and the peti-
tioners herein were defendants, a judgment was rendered
and entered against said defendants and their appeal there-
from is pending in this court. In due time the defendants
filed with the clerk of the superior court a notice to prepare
the record on appeal. The notice requested the preparation
of a transcript "of the testimony offered or taken, evidence
offered or received, and all rulings, instructions, acts or
statements of the court, also objections and exceptions of
counsel and all matters to which the same relate," as pro-
vided for in section 953a of the Code of Civil Procedure.
In attempted compliance with the requirements of subdi-
vision 2 of section VII of the rules of this court the record
was prepared in two parts. One was designated the re-
porter's transcript, in which was incorporated only the
phonographic report of the trial. The respondent judge,
on the seventeenth day of September, 1924, certified to the
truth and correctness of that transcript. Prior to the trial
certain proceedings were had and taken and certain non-
appealable orders of the court were made, the records of
which proceedings and motions, consisting of some twenty-
one items, were specially designated by said defendants in
their notice to the clerk for inclusion in the record to be
prepared. These twenty-one items were not included in the
reporter's transcript, but were set forth in the second part
of said record, called the clerk's transcript, in which was
also embodied the judgment-roll and notices of appeal.
This so-called clerk's transcript was also certified by the re-
spondent judge as being true and correct. Both of said
transcripts were filed in this court on October 28, 1924, as
the record on appeal. Thereafter, on the thirtieth day of
March, 1925, counsel for the respondent bank filed in the
superior court a notice of suggestion of diminution of record
and of a motion to strike from the said clerk's transcript
the twenty-one items referred to and to cancel the certifi-

cate of the respondent judge appended to said clerk's transcript on the grounds, among others, "that if any occasion existed for the inclusion of such matters or things in the record on appeal, such matters and things should have been included in the reporter's transcript on appeal; that although said clerk's transcript on appeal was presented to the court for authentication and certification, the clerk gave no notice to counsel for plaintiff of the fact of such presentation"; that they had no notice that the same were included in the clerk's transcript until March 3, 1925, and that the court erred in executing its certificate in that the said clerk's transcript was duly certified by the clerk and that there was and is no authority in law for the certification of the clerk's transcript by the trial judge. Thereafter, on May 2, 1925, the respondent judge granted said motion in part, in this, that he made an order canceling his said certificate, setting forth in said order as the reason for such cancellation "that there is no provision of law requiring or authorizing the trial judge to certify the clerk's transcript on appeal, and that the certificate to said clerk's transcript on appeal was executed by the undersigned judge of the superior court [respondent here] through inadvertence . . . " Thereafter, on the same day, to wit, May 2, 1925, the defendants in the said action, petitioners herein, filed their notice of appeal from the order last above mentioned, referring to the same as an "order after final judgment," and concurrently therewith filed a notice with said clerk requesting that a transcript of the proceedings on said motion for diminution be prepared pursuant to said section 953a. The respondent judge refuses to certify said transcript, first, on the ground that said order is not an appealable order, and, secondly, on the ground that no record can be made up, allowed, or certified in any case or upon any appeal under said section 953a unless a reporter was present at the hearing of the motion or other matter passed upon.

[1] Considering the grounds of refusal in their reverse order it must be taken as settled that where there is no office for the reporter to perform at the hearing of a motion or other proceeding, and consequently there is no reporter present, nevertheless the appellant may proceed under the alternative method and it is the duty of the trial judge to

authenticate all papers, records, and files which are not subject to certification solely by the clerk, and which are essential to a proper determination of the appeal. (*Pierce* v. *Works,* 171 Cal. 684 [154 Pac. 852].)    The case of *Allen* v. *Conrey,* 22 Cal. App. 409 [134 Pac. 730], relied on by the respondent, was decided before the amendment to section 953a in 1915. By that amendment the scope of the section was enlarged so as to permit an appellant to have the record prepared thereunder, also ''for the purpose of presenting a record on appeal from any appealable judgment or order, or for the purpose of having reviewed any matter or order reviewable on appeal from final judgment'' (Stats. 1915, p. 206).

[2] The effect of the amendment was to authorize the preparation of a record under that section even when the appeal is on the judgment-roll alone (see opinion of supreme court appended to *McKinnell* v. *Hansen,* 34 Cal. App. 81 [167 Pac. 887], in denying petition for rehearing; also *Beckett* v. *Stuart,* 35 Cal. App. 796 [171 Pac. 107]; *Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 Pac. 715]). It is competent for the clerk to certify only the judgment-roll and the notice of appeal (*Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054]; 2 Cal. Jur. 666); and the judge may refuse to certify the clerk's transcript when it comprises only those documents (*Christenson Lumber Co.* v. *Seawell,* 157 Cal. 405 [108 Pac. 276]).

As to the first ground of refusal we think the contention of the respondent that the order striking his certificate from the said clerk's transcript was not an appealable order must be sustained.    [3] In order that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution (*Griess* v. *State Investment etc. Co.,* 93 Cal. 411 [28 Pac. 1041]; *Kaltschmidt* v. *Weber,* 136 Cal. 675 [69 Pac. 497]; *Watson* v. *Pryor,* 49 Cal. App. 554 [193 Pac. 797]; 2 Cal. Jur. 153).    [4] The order striking said certificate is but an order in an ancillary or procedural matter prescribed by statute in connection with the preparation of a record on appeal and the making thereof neither added to nor subtracted from the relief granted by the judgment.

It is obvious that to compel the respondent judge to certify a record on appeal from an order which is not appealable would be to require a vain and useless thing. This is not the proper function of the writ of *mandamus* (16 Cal. Jur. 777, and cases cited).

[5] But it would not follow that because the order striking the certificate is not appealable the petitioners would be without remedy. It was the plain duty of the respondent under the statute on an appeal from the judgment to properly authenticate that portion of the record which could not be certified by the clerk and, as above stated, the clerk is competent to certify only the judgment-roll and the notice of appeal. *Mandamus* is the proper remedy to compel the trial judge to perform that duty (*Schmitt* v. *White,* 172 Cal. 554 [158 Pac. 216] ; *Waymire* v. *California Trona Co.,* 176 Cal. 395, 399 [168 Pac. 563] ; 16 Cal. Jur. 831, 832, and cases cited). The difficulties arising in this controversy resulted from at least two deviations from the prescribed practice. First, it was the duty of the stenographic reporter under section 953a to include in the reporter's transcript, in addition to the stenographic report of the trial, "all other matters and things required by the notice" of the appellants to the clerk. This he did not do, for he omitted to include therein said twenty-one several items specified in the notice; and, second, the clerk improperly included in the transcript certified by him the said items which it was not competent for him to certify. While it may be said that the appellants should not be prejudiced because of mistakes on the part of the reporter and the clerk, since it does not appear that the appellants were in anywise at fault, it may also be said that the respondents should have the opportunity, after notice, to object to the inclusion of the said twenty-one items or any of them before the same are authenticated by the trial judge as a part of the reporter's transcript, and it appears that they have not had such notice. If the question of the authentication of the record on appeal from the judgment were rightfully before us it would undoubtedly be proper in the present proceeding to require the trial judge to cause all items specified in the notice to the clerk and not embraced within the judgment-roll and notice of appeal to be included in the reporter's transcript and, after notice, to authenticate such transcript.

For that purpose an appropriate order could be made by this court transmitting the transcript to the trial court, but as the question of the authentication of the record on the appeal from the judgment is not presented herein, we deem it improper to issue a writ for the purpose of compelling an authentication of that record. The foregoing suggestion is made to the end that petitioners may take proper proceedings if they be so advised. So far as the present petition is concerned the demurrer is sustained and the proceeding is dismissed.

Richards, J., Waste, C. J., Seawell, J., and Lawlor, J., concurred.