[Civ. No. 6871. Second Appellate District, Division Two.—May 1, 1930.]

R. H. GOLISH, Appellant, v. PETER R. VAN PELT, Respondent.

Perry F. Backus for Appellant.

R. J. Welch, Jr., for Respondent.

CRAIG, Acting P. J.—The plaintiff appealed under the alternative method from an order vacating a default judgment, whereupon a purported transcript was forwarded to the clerk of this court as required by sections 953a, 953b and 953c of the Code of Civil Procedure, without the certificate of authentication of the trial judge. The appellant has moved that it be returned for preparation, examination and approval in the superior court in accordance with said sections.

The clerk's certificate recites that the contents of the transcript are "full, true and correct copies" of the originals, but it does not appear that it contains all of the papers filed below. The asserted grounds of the motion are that through no fault of appellant, the clerk and judge inadvertently neglected to obtain its authentication as a full, true and fair transcript of all the proceedings. However, it is shown by affidavit of the clerk, and is uncontradicted, that upon demand of appellant's counsel a copy of the transcript as originally served upon counsel for the respondent was recalled, and a portion of the same was removed. Further, that:

"He then requested that I mail the original transcript to the clerk of the court of appeals, asking if I would mail it that afternoon, and that he could call at the clerk's office the next day and pay the filing fee, and I informed him if such was his request that same be immediately forwarded to the clerk of court of appeals that I would do so, to which he answered: 'Yes, that is what I want you do do.' I thereupon forwarded the original transcript as so altered to the clerk of the District Court of Appeal, Los Angeles, mailed copy to Mr. Backus, and took Mr. Welch's copy to his office and left same with his secretary."

Although it appears from the same source that respondent had repeatedly expressed a desire that other matters be embodied in a transcript, and had objected to the sufficiency of the one in controversy, as to which the trial judge had also indicated a doubt, the same was at no time presented to the court as required by the Code of Civil Procedure, nor was respondent afforded an opportunity to propose alterations or amendments. Section 953a of said code provides, in part:

" . . . said transcript shall be presented to the judge for his approval, and the judge shall examine the same and

see that the same is a full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received, instructions, acts or statements of the court, also all objections and exceptions of counsel and matters to which same relate. . . .

"The respondents on said appeal may at the time said transcript is presented for settlement and allowance, require the insertion therein of such other papers, files, documents, records and proceedings of said cause as they then desire to have incorporated therein. . . . "

And section 953c specifically requires that: " . . . it shall be the duty of the clerk of the court from which the appeal is taken, within ten days after the preparation of the record, to transmit to the clerk of the court to which the appeal is taken, the record *prepared in accordance with the two preceding sections.* . . . "

The appellant bases this motion entirely upon the asserted oversight or neglect of the county clerk, or judge, or both, and wholly relies upon the authority of *Lake* v. *Harris,* 198 Cal. 85 [243 Pac. 417]. This was a proceeding in *mandamus* to compel the trial judge to authenticate a transcript containing matters which had been stricken from the clerk's transcript as constituting no part of the judgment-roll. While the petition was dismissed for reasons not here pertinent, it was said: " . . . While it may be said that the appellants should not be prejudiced because of mistakes on the part of the reporter and the clerk, it may also be said that the respondents should have the opportunity, after notice, to object to the inclusion of the said twenty-one items or any of them before the same are authenticated by the trial judge as a part of the reporter's transcript, and it appears that they have not had such notice."

In the proceedings here under consideration there is not alone an absence of the asserted oversight or inadvertence, but an affirmative showing of strict compliance by the clerk of the superior court with appellant's demands. There is but one transcript before us, which contains the judgment-roll and notice of appeal, certified by the clerk. Other matters are discussed in the briefs as properly constituting an additional transcript for authentication, had one been filed. But it is the duty of the appellant in such a case to prepare and present in the trial court, upon notice, a pro-

posed transcript, and to afford the respondent an opportunity to participate in its final settlement for examination and approval. Since none of these steps requisite to a valid appeal have been taken, and no transcript is available for return or approval, appellant's motion is without foundation.

The motion is denied.

Thompson (Ira F.), J., and Norton, J., *pro tem.,* concurred.