[Civ. No. 10799.   First Appellate District, Division One.—December 7, 1938.]

CHARLOTTE M. HOHNEMANN et al., Respondents, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

Thomas J. Straub, W. H. Spaulding and Clinton F. Stanley for Appellant.

Paul C. Dana and Bardin, Harrington & Bardin for Respondents.

KNIGHT, J.—The trial court denied defendant's motion to terminate the proceedings instituted by plaintiffs for the preparation of a transcript on appeal, which plaintiffs had taken pursuant to the alternative method provided by section 953a of the Code of Civil Procedure from a judgment in defendant's favor after verdict by a jury in an action for damages; and from the order of denial so made defendant has taken this appeal, which plaintiffs now move to dismiss upon the ground that such an order is not appealable. Defendant contends in opposition to the motion to dismiss that the order in question is a "special order made after final judgment", and therefore under the provisions of subdivision 2 of section 963 of the Code of Civil Procedure, is appealable.

It seems that the precise question here presented has never been definitely ruled upon. It was raised in the case of *Hudgins* v. *Standard Oil Co.*, 136 Cal. App. 44 [28 Pac. (2d) 433], but not decided. ■■ However, it has been held generally that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, to be appealable, must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution (*Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417], citing *Griess* v. *State Investment etc. Co.*, 93 Cal. 411 [28 Pac. 1041]; *Kaltschmidt* v. *Weber*, 136 Cal. 675 [69 Pac. 497]; *Watson* v. *Pryor*, 49 Cal. App. 554 [193 Pac. 797]; 2 Cal. Jur., p. 153); and it has been held specifically that an order *terminating* proceedings instituted for the preparation of a transcript is appealable. (*Wood* v. *Peterson Farms Co.*, 214 Cal. 94 [3 Pac. (2d) 922].) ■■ But in the case last cited the Supreme Court expressly stated that a distinction must be drawn between an order *terminating* such proceedings, and an order *refusing to terminate* such proceedings, because, says the court, the former necessarily operates as a final determination of the matter and may result in the termi-

nation of the original or main appeal unless it is open to attack by separate appeal. Moreover, in that same case, the court stated that there is no material distinction between an order involving the termination of proceedings for the preparation of a reporter's transcript pursuant to the provisions of section 953a of the Code of Civil Procedure, and an order involving the termination of proceedings for the preparation and settlement of a bill of exceptions; and in a later case, *Landreth* v. *Ducommun,* 9 Cal. App. (2d) 136 [48 Pac. (2d) 984], it was squarely held that an order refusing to terminate proceedings for the preparation and settlement of a bill of exceptions was not appealable, citing *Buis* v. *Lindauer Corp.,* 116 Cal. App. 558 [3 Pac. (2d) 18], and *McWilliams* v. *Hudson,* 98 Cal. App. 185 [276 Pac. 598, 277 Pac. 529]. In so holding the court in that case went on to say that the question of the invalidity of such an order may be raised when and if the main appeal from the judgment is prosecuted. Since, therefore, as pointed out in *Wood* v. *Peterson Farms Co., supra,* there is no material difference between an order involving the termination of proceedings for the preparation and settlement of a bill of exceptions and one involving the termination of proceedings for the preparation of a transcript requested under the alternative method of appeal, the decision in *Landreth* v. *Ducommun, supra,* is obviously here controlling, and it must be held, as there, that the order refusing to terminate the proceedings is not appealable.

Defendant argues that to deny the right of appeal from such an order is to deny an aggrieved party any remedy whatever to review the ruling of a trial court refusing to terminate the proceedings for the preparation of a transcript, for the reason that the proceedings upon which such an order is based take place subsequent to the entry of judgment and to the ruling on motion for new trial, if such motion be made, and consequently form no part of the record on the main appeal. It has been the practice in some trial courts, however, to allow such subsequent proceedings to be incorporated in the transcript on the main appeal, to the end that a full and complete consideration on appeal may be given to all material questions presented to and determined by the trial court; and in those cases wherein such subsequent proceedings have not been so made part of the transcript on the main appeal, the question of the validity of the trial court's order of denial

has been brought up for review, preliminary to the hearing of the main appeal on the merits, by way of motion to dismiss, based on affidavits; and there would seem to be no reason why such course may not be followed in the present case, using as the record in the presentation of such motion the bill of exceptions upon which the present appeal was taken.

It is ordered, therefore, that the appeal be and the same is hereby dismissed, without prejudice to the right of defendant to present such a motion.

Tyler, P. J., and Cashin, J., concurred.