[Civ. No. 15227.   Second Dist., Div. Three.   Mar. 5, 1947.]

FLORENCE LANDE, Respondent, v. SOUTHERN CALI-
FORNIA FREIGHT LINES (a Corporation), Appel-
lant.

Pacht, Pelton, Warne, Ross & Bernhard and Bernard Reich for Respondent.

SHINN, J.—Plaintiff recovered a judgment in a court trial against Southern California Freight Lines, and the defendant gave notice of appeal. In due time defendant served and filed a notice stating that it desired to set forth the oral proceedings by a settled statement, in lieu of reporter's transcript, under rule 7 (a) of Rules on Appeal. Defendant caused to be prepared a partial transcript of the testimony and served and filed a condensed statement in narrative form of portions of the oral proceedings and also stated the points to be raised on appeal. These points were twenty-one in number, thirteen of which specified insufficiency of the evidence to justify certain findings and that the findings in some particulars were conflicting. Plaintiff gave notice of motion to strike the proposed statement upon the ground that it was a wholly inadequate statement of the evidence material to the points raised on appeal and a sham, but also served and filed proposed amendments to the statement. The motion was based upon an affidavit in which it was stated that the trial had lasted for forty-two actual trial days, spread over a period of many months; that the testimony would cover some 2,000 pages of reporter's transcript; that the proposed statement consisted of only seventy-six pages; that it would be necessary, in order to prepare a full, correct and adequate statement, to have transcribed and incorporated, partly in narrative form and partly in question and answer form, testimony of some eighteen or twenty witnesses which was not included in the statement, and that the cost of transcribing said testimony would be approximately $1,250. Plaintiff, by proposed amendments, sought to have incorporated in the statement the testimony of the witnesses referred to in the affidavit.

The matter of the settlement of the statement and plaintiff's motion to strike the proposed statement came on for hearing together. The motion to strike was denied. Defendant objected to each of plaintiff's proposed amendments and the matter was argued at length. At the conclusion of the hearing the trial judge made an order that there be incorporated in the statement in narrative form the whole of the testimony of nineteen witnesses and portions of the testimony in question and answer form of several other witnesses as the same was set forth in plaintiff's proposed amendments. Defendant was ordered and directed within sixty-five days to engross said statement in accordance with the order allowing the amendments. Defendant gave notice of appeal from the order allowing the proposed amendments and ordering the statement to be engrossed, and also petitioned this court for a writ of review by which it was sought to annul the order insofar as it ordered the incorporation of plaintiff's proposed amendments. The petition for review was denied without written opinion.

The only matter which requires consideration is the contention of respondent that this attempted appeal should be dismissed for the reason that the order settling the statement is nonappealable. This point is well taken.

An appeal may be taken from any special order made after final judgment. (Code Civ. Proc., § 963.) But the orders after judgment which are appealable under this section are only those which affect the final judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (*Lake* v. *Harris,* 198 Cal. 85, 89 [243 P. 417]; *Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627 [150 P.2d 881].) The test is the same with relation to orders made in the preparation of records on appeal. An order terminating proceedings for the preparation of a record has the same effect as an affirmance of the judgment or dismissal of the appeal, and is appealable (*Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 P.2d 922]; *W. J. Somers Co.* v. *Smith,* 45 Cal.App. 703 [188 P. 311]), but an order denying a motion to terminate such proceedings is not appealable (*Hohnemann* v. *Pacific Gas & Elec. Co.,* 29 Cal.App.2d 551 [85 P.2d 151]; *Landreth* v. *Ducommun,* 9 Cal.App.2d 136 [48 P.2d 984]); nor is an order relieving a party from default in the preparation of a record

on appeal (*McWilliams* v. *Hudson*, 98 Cal.App. 185 [276 P. 598, 277 P. 529]; *Buis* v. *Lindauer Corp.*, 116 Cal.App. 558 [3 P.2d 18]).

Appellant, however, claims to have some special rights derived from the new Rules on Appeal. Rule 7 (a) allows an appellant to propose a condensed statement of a portion only of the oral proceedings, together with a statement of the grounds of the appeal, and allows the respondent to propose the addition of all or any portion of the remainder of the proceedings. Appellant contends that the court exceeded its jurisdiction in ordering the incorporation of a transcript of the entire oral proceedings as to the nineteen witnesses. The contention appears to be that if an appellant proposes to proceed by settled statement in lieu of a reporter's transcript, the trial judge must settle the statement without the use of a transcript. The rule is to the contrary. A judge is not required to act upon his own recollection in such matters, and of course should not do so unless he is satisfied that his recollection is so clear and complete as to make an examination of a transcript unnecessary. It appears clearly from the record that the trial judge was convinced of his inability to settle a satisfactory statement without the benefit of a transcript. Rule 7 is exceedingly broad. It provides a method for preparation of an abbreviated record, where a full transcript is not needed for that purpose, but it does not excuse an appellant from furnishing a transcript, either partial or complete, which the judge deems necessary in the settlement of the statement. In view of defendant's refusal to furnish a transcript which the judge considered necessary in determining what additional evidence should be added to appellant's proposed statement, it was entirely proper to allow respondent's proposed amendments.

It is argued that the trial judge ordered the addition of all the testimony in question while conceding that some of it might prove to be immaterial. Responsibility for this situation would rest upon appellant because of its refusal to furnish a transcript. Even if some of the testimony should prove to be unnecessary, that would furnish no ground for intervention by this court. When a trial judge has settled a transcript in accordance with the facts and in the exercise of his discretion as to what should be included, his

action is not subject to review upon the ground that too much has been included. (*In re Gates*, 90 Cal. 257 [27 P. 195]; *Hyde* v. *Boyle*, 89 Cal. 590 [26 P. 1092].)

There is nothing in the Rules on Appeal which places any new limitation upon the discretionary powers of the trial judge in the settlement of records on appeal and nothing which would bring the order here under consideration into the class of orders after judgment from which appeals may be taken.

The order settling the statement does not in any manner affect the judgment or its enforcement; it is not appealable and the appeal from the order is dismissed.

Desmond, P. J., and Kincaid, J. pro tem., concurred.

A petition for a rehearing was denied March 26, 1947.