[Civ. No. 21975. Second Dist., Div. Two. Nov. 21, 1956.]

GRACE DEFENDERFER RYAN HIXSON, Appellant, v. WILLIAM CARTER HIXSON, Respondent.

Gold & Needleman for Appellant.

Morris Lavine and William J. Clark for Respondent.

ASHBURN, J.—Motion to dismiss appeal from order refusing to amend final decree of divorce to conform to oral agreement of parties that such amendment be made. Trial judge found that the agreement was made in fact but that he had no jurisdiction to make the requested amendment, the decree having become final.

The parties were in litigation with the government over their income taxes at the time of the divorce. Both the interlocutory decree and the final provided that certain property should go to the wife subject to the government's lien; that each party should be responsible for one-half the debt to the government up to $10,000; in the event it exceeded that amount the wife should pay the next $3,000 and the parties were to share equally any excess over $13,000; the husband to pay all penalties imposed on either or both parties. After the time for appeal from the final decree had expired it was orally agreed between the parties that each of them should negotiate and settle separately with the government and that the above mentioned portion of the divorce decree should be eliminated therefrom by stipulation. Each of them did effect a settlement of the tax claim, but the husband refused to go through with his agreement to amend the judgment, claiming through substituted counsel that he had never agreed to that. The appeal is from the order denying plaintiff's motion to amend the judgment.

Defendant's motion is made upon the ground that the order is not appealable. █ The test of appealability of an order not mentioned in section 963, Code of Civil Procedure, is stated in the cited case of *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 119 [199 P.2d 668], as follows: "It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him." █ But a special order after final judgment is mentioned in section 963 and the test of appealability seems to be somewhat different. (*Lake* v. *Harris,* 198 Cal. 85, 89 [243 P. 417]: "In order that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (*Griess* v. *State Investment etc. Co.,* 93 Cal. 411 [28 P. 1041]; *Kaltschmidt* v. *Weber,* 136 Cal. 675 [69 P. 497]; *Watson* v. *Pryor,* 49 Cal.App. 554 [193 P. 797]; 2 Cal.Jur.

153)." The quoted language was used with respect to an appeal from an order striking the judge's certificate from a clerk's transcript on appeal. The court further said that the making of that order "neither added to nor subtracted from the relief granted by the judgment." (P. 89.) The stated test has been applied repeatedly.

*Lande* v. *Southern Calif. Freight Lines,* 78 Cal.App.2d 417 [177 P.2d 936], dealt with an appeal from an order directing engrossment of a settled statement by incorporating certain amendments therein. The court dismissed the appeal, saying at page 419: "But the orders after judgment which are appealable under this section are only those which affect the final judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (*Lake* v. *Harris,* 198 Cal. 85, 89 [243 P. 417] ; *Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627 [150 P.2d 881].) The test is the same with relation to orders made in the preparation of records on appeal. An order terminating proceedings for the preparation of a record has the same effect as an affirmance of the judgment or dismissal of the appeal, and is appealable (*Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 P.2d 922] ; *W. J. Somers Co.* v. *Smith,* 45 Cal.App. 703 [188 P. 311]), but an order denying a motion to terminate such proceedings is not appealable (*Hohnemann* v. *Pacific Gas & Elec. Co.,* 29 Cal.App.2d 551 [85 P.2d 151] ; *Landreth* v. *Ducommun,* 9 Cal. App.2d 136 [48 P.2d 984])." Among other cases applying the *Lake* v. *Harris* test are: *Williams* v. *Superior Court,* 14 Cal. 2d 656, 666 [96 P.2d 334] ; *Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627, 632 [150 P.2d 881] ; *McWilliams* v. *Hudson,* 98 Cal.App. 185, 189 [276 P. 598, 277 P. 529] ; *Kaufman* v. *Brown,* 106 Cal.App.2d 686, 689 [235 P.2d 632]. In *Hilliker* v. *Board of Trustees,* 91 Cal.App. 521, 526 [267 P. 367], this court held appealable an order denying a motion to amend a judgment by eliminating a recital that it was entered upon stipulation. This was because the judgment as it stood recited that it was entered by consent and thereby would deprive the party of a right of appeal.

The order at bar leaves the judgment intact; it neither adds to it nor subtracts from it. Had the motion been granted the order doubtless would be appealable for it would make a material change in the obligations of the judgment. But the order actually made has no such effect and is not appealable.

The motion is granted and the appeal is dismissed.

Moore, P. J., and Fox, J., concurred.