[Civ. No. 22479.   Second Dist., Div. Two.   July 3, 1957.]

LEONARD T. MENDELSOHN et al., Respondents, v. BENJAMIN N. MILLER et al., Defendants; EUREKA IRON AND METAL COMPANY (a Corporation), Appellant.

Benjamin W. Shipman and Milo V. Olson for Appellant.

R. E. Allen, in pro. per., Gibson, Dunn & Crutcher, Henry F. Prince, Richard E. Davis and Richard H. Wolford for Respondents.

ASHBURN, J.—Motion to dismiss appeal from an order which appellant claims to be a special order made after final judgment and hence appealable under section 963, Code of Civil Procedure.

The judgment herein declares the dissolution of a partnership between plaintiff Leonard T. Mendelsohn and defendant Benjamin N. Miller, and directs the receiver previously appointed to continue to act, to sell certain real property belonging to the partnership, and to distribute the net proceeds

equally between the said parties, Mendelsohn and Miller; it also provides that the "purchaser shall be entitled to and shall have credit against the purchase price of said real property for any rentals pre-paid and un-earned, (including any lease deposits), at the close of the escrow pertaining to said sale of said real property." The judgment further declares that each party has waived any right to appeal from it or from any order made confirming the sale of the real property by the receiver, and it is approved in writing by the attorneys for the respective parties.

The receiver gave notice of a sale for cash, same to be consummated through an escrow. The property was struck off to defendant Miller for $277,500, subject to confirmation. In due course an order confirming the sale was made which recites the credits to be allowed the purchaser. It further declares that Miller had bid in the property for the account of Eureka Iron and Metal Company, whose president he was. The sale was confirmed to that company and the receiver ordered to consummate the same through escrow. This order was entered on October 5, 1956.

On December 12, 1956, the receiver filed a petition for instructions disclosing that he had received a deposit of $35,000 on account of the purchase price but that the purchaser had not given any escrow instructions, though twice requested so to do; it also alleged that Eureka claimed plaintiff Mendelsohn to be indebted to it and that it was entitled to a credit upon the purchase price of the amount of said alleged debt. The receiver also averred that Mendelsohn denied any indebtedness to the purchasing corporation.

Thereupon Eureka filed a petition alleging such indebtedness to be in the sum of $40,663.10, and praying a credit upon the balance of the purchase price ($242,500) of said alleged indebtedness of $40,663.10, and that the proceeds of sale be impressed with a lien in favor of Eureka to the extent of said alleged debt. This was followed by a motion of plaintiff to strike the Eureka petition.

The petitions and motion came on for hearing and were heard together on January 9, 1957. Eureka's petition was denied and the motion to strike it was granted. The receiver's petition for instructions was granted in these words: "The motion of receiver is granted and receiver is instructed to set aside the sale unless within 5 days after notice the purchaser pays in cash the total purchase price into escrow, or such amount as is diminished by written consent of either

plaintiff or defendant as to their respective interests; and if the escrow is not completed within that time the receiver is to re-sell the property and retain the $35,000 deposit of Eureka Iron and Metal Company now in his possession to apply on his damages pending determination as to whether there is a deficit on the second sale." The minute order incorporating these rulings was entered on January 11, 1957, and Eureka appealed therefrom on January 15.

Respondents Mendelsohn and R. E. Allen, as receiver, moved to dismiss the appeal upon the grounds (1) that it was filed too late, and (2) that the order of January 11, 1957, is not an appealable order.

Respondents say that the Eureka petition presents the same questions as the petition for confirmation of sale; that the matter of credits upon the purchase price was essentially a part of that hearing and of the order thereon; and that the later Eureka petition was but an attempt to reopen issues thus adjudicated upon confirmation of sale; that the appeal should have been taken from that order which was entered on October 5, 1956, and the notice filed on January 15, 1957, came too late. Counsel rely upon cases to the effect that the purchaser may appeal from the order confirming a judicial sale (*Hammond* v. *Cailleaud*, 111 Cal. 206, 214-215 [43 P. 607, 52 Am.St.Rep. 167]), and that where "the appeal from the order made after judgment would present the same questions as would be presented on an appeal from the judgment, the order is not appealable." (*Hilliker* v. *Board of Trustees*, 91 Cal.App. 521, 526 [267 P. 367].) Appellant counters with the argument that the order granting the receiver's petition for instructions falls within the definition of a special order made after final judgment as that phrase is defined in the applicable cases.

■ Both sides rely upon *Hixson* v. *Hixson*, 146 Cal.App. 2d 204 [303 P.2d 607], wherein the authorities are reviewed. They uniformly apply the test stated in *Lake* v. *Harris*, 198 Cal. 85, 89 [243 P. 417]: "In order that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution." ■ The order granting the receiver's petition directs him to set aside the sale unless the purchase price be paid into escrow within five days and in that event to resell the property and retain the $35,000 deposit to cover any

damages incident to a resale. Appellant's contention that this order operates by way of enforcement of the confirmation of sale is manifestly sound. Respondent suggests no answer to that argument. The order is appealable.

Motion to dismiss appeal is denied.

Moore, P. J., and Fox, J., concurred.