[Civ. No. 22794.   Second Dist., Div. Two.   July 7, 1958.]

C. K. SIMMONS, Appellant, v. SANTA BARBARA ICE AND COLD STORAGE COMPANY (a Corporation), Respondent.

Price, Postel & Parma, H. Clarke Gaines and Gerald S. Thede for Appellant.

Griffith & Thornburgh and Laselle Thornburgh for Respondent.

HERNDON, J.—Appellant, plaintiff below, seeks a review of two orders: (1) an order made on April 11, 1957, denying appellant's motion to correct an alleged error in the minutes of the trial court; and (2) an order made on April 29, 1957, denying appellant's second motion to correct the minutes and denying appellant's motion to vacate a judgment of dismissal.

The trial court sustained a general demurrer to appellant's second amended complaint, granting leave to amend within 10 days. Appellant having failed to amend within the time allowed, respondent served and filed a notice of motion to dismiss the action pursuant to the provisions of section 581, subdivision 3 of the Code of Civil Procedure. Counsel for appellant was present in court on August 27, 1956, when the motion to dismiss came on for hearing, but since appellant had elected to stand on his pleading, counsel voiced no opposition to the dismissal. Although the motion was unopposed, the court ordered the matter submitted "for the purpose of reviewing the file." Later on the same day the court, in chambers, advised the clerk that the motion to dismiss was granted. The clerk notified respondent of the order but apparently did not notify the appellant. The minute order of that day (August 27, 1956) constitutes the judgment of dismissal (Code Civ. Proc., § 581, subd. (d)) and reads as follows: "Motion to Dismiss Action coming on regularly to be heard, the same proceeded and it is ordered that said motion, be, and the same is hereby granted."

Appellant did not take an appeal from the foregoing judgment within 60 days after its entry, but seven months later,

on March 28, 1957, he filed a notice of motion "for correction of record" on the ground that the minutes "erroneously state that said motion was granted at the time of said hearing, whereas, in fact, the said Court took the same under submission." This motion was denied on April 11, 1957.

Thereafter, appellant noticed for hearing on April 29, 1957, a second motion for a *nunc pro tunc* order to correct "a clerical error appearing in the minutes of the proceedings of said Court for the 27th day of August, 1956, . . . in order that said minutes shall conform to the facts and speak the truth." The ground upon which this motion was made was stated in the notice as follows: "Said motion will be made upon the ground that said minutes, insofar as they relate to the above captioned case, do not truly record the order of said Court, in that, (1) said Court, in making its order in chambers, granting the motion to dismiss the above entitled action theretofore on said day made by the defendant above named in open Court, did further direct the clerk of said Court to notify counsel for said defendant of the action of the Court but did not direct said clerk so to notify counsel for plaintiff, and, (2) that by so doing said Court did intend that said order should direct the defendant to prepare a written order to be signed and filed herein."

Simultaneously with the filing of the last mentioned notice of motion, appellant filed a notice of motion to vacate the order of dismissal of August 27, 1956. The stated ground of this motion was as follows: "Said motion will be made upon the ground that unless in making said order said Court further ordered that a written order be prepared, signed and filed, said order is void, having been made in chambers." Both the last mentioned motions were heard and denied on April 29, 1957.

Appellant filed separate notices of appeal from the order of April 11, 1957, and from the order of April 29, 1957. By stipulation, both appeals are presented upon the same record. Appellant is met at the threshold with respondent's contention that the orders here presented for review are nonappealable. We conclude that this contention must be sustained.

■ That the order denying the motion to vacate the judgment is nonappealable is indicated by the following language from 3 California Jurisprudence 2d, Appeal and Error, section 57, very recently quoted with approval in *Spellens* v. *Spellens,* 49 Cal.2d 210, 228-229 [317 P.2d 613]:

"Even where there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of, under such circumstances that the motion merely calls upon the court to repeat or overrule the former ruling on the same facts. And if the grounds upon which the parties seek to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion. The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside. The reason for denying an appeal in the latter case is not because the order on the motion to vacate is not within the terms of the statute allowing appeals, for it may be. Indeed, an order refusing to vacate a final judgment is in its very nature a special order made after judgment. But the right of appeal from the order is denied because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appeal, contrary to the intent of the statute. A further reason is that the order on the motion is merely a negative action of the court declining to disturb its first decision. The first decision being reviewable, the refusal any number of times to alter it does not make it less so."

In *Litvinuk* v. *Litvinuk*, 27 Cal.2d 38 [162 P.2d 8], the trial court proceeded with the trial of a divorce action over the protest of the defendant wife, notwithstanding the absence of her attorney. At the conclusion of the trial, the court made an order for judgment in favor of the plaintiff. After defendant's motion to set aside this order had been denied, an interlocutory judgment of divorce was entered. Thereafter, defendant moved for a new trial which also was denied. Following this ruling, defendant gave notice of a motion, under section 473, Code of Civil Procedure, to vacate the decree upon the grounds of "mistake, inadvertence, and surprise." This motion was denied.

Eleven days after the denial of her motion to vacate the judgment, but more than 60 days after the entry of judgment, and more than 30 days after the denial of her motion for a new trial, defendant filed her notice of appeal (1) from the judgment; (2) from the order denying the appellant's motion to vacate and set aside the interlocutory decree and to reopen

the matter for further proceedings; (3) from the order of the trial court denying her motion for a new trial; and (4) from the order denying the appellant's motion to vacate and set aside the interlocutory decree under section 473.

In dismissing the appeal from the judgment and from each of the specified orders, the Supreme Court declared the law as follows, at pages 43 and 44 of the opinion: "Considering the appeal from the order denying the motion to vacate the judgment under section 473 of the Code of Civil Procedure, as a thing prohibited directly may not be done indirectly, it is the general rule that an appeal may not be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion. (*Estate of Spafford,* 175 Cal. 52 [165 P. 1]; *Estate of Keane,* 56 Cal. 407.) Nor will an appeal from an order denying a motion to vacate an appealable order or judgment be entertained when the purpose of the motion was to change the decision of the trial court upon the same facts. (*Bell* v. *Solomons,* 162 Cal. 105 [121 P. 377]; *Alpers* v. *Bliss,* 145 Cal. 565 [79 P. 171].) Stated differently, if the grounds upon which the party sought to have a judgment vacated existed before the entry of judgment and would have been available upon an appeal from the judgment, an appeal will not lie from an order denying the motion. (*Mather* v. *Mather,* 22 Cal.2d 713, 720 [140 P.2d 808]; *Estate of Richards,* 17 Cal.2d 259, 267 [109 P.2d 923].)''

In the instant case, as in Litvinuk, the grounds upon which appellant sought to have the judgment vacated existed when the judgment was entered and would have been available upon an appeal from the judgment had it been taken within the time allowed. This is clearly indicated by the very language of the notice of motion to vacate: "Said motion will be made upon the grounds that unless in making said order [of dismissal] said court further ordered that a written order be prepared, signed, and filed, said order is void, having been made in chambers.''

▓▓▓ It is equally clear that the orders denying appellant's motions to correct the minutes are not appealable. ▓▓▓ With respect to the appealability of an order not mentioned in section 963, Code of Civil Procedure, the test, as stated in *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 119 [199 P.2d 668], is as follows: "It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment

of money by appellant or the performance of an act by or against him.''

Although subdivision 2 of section 963 provides that an appeal may be taken ''from any special order made after final judgment,'' it does not follow that every order subsequent to the final judgment in point of time is appealable. ''It is necessary that the order affect the judgment in some manner or bear some relation to it, either by way of enforcing it or staying its execution.'' (3 Cal.Jur.2d 471, 472, Appeal and Error, § 45.) The controlling rule is stated in *Lake* v. *Harris,* 198 Cal. 85, 89 [243 P. 417] : ''In order that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (*Griess* v. *State Investment etc. Co.,* 93 Cal. 411 [28 P. 1041] ; *Kaltschmidt* v. *Weber,* 136 Cal. 675 [69 P. 497] ; *Watson* v. *Pryor,* 49 Cal.App. 554 [193 P. 797] ; 2 Cal.Jur. 153).''

In *Hixson* v. *Hixson,* 146 Cal.App.2d 204 [303 P.2d 607], this court applied the foregoing tests of appealability in dismissing an appeal from an order refusing to amend a final decree of divorce to conform to an alleged oral agreement of the parties that such amendment be made. The trial court had found that the agreement was in fact made, but concluded that it had no jurisdiction to make the requested amendment, the decree having become final. The following concluding language of the Hixson decision applies with equal force to the orders presently under consideration: ''The order at bar leaves the judgment intact; it neither adds to it nor subtracts from it.''

In *Griess* v. *State Investment etc. Co.,* 93 Cal. 411, 413 [28 P. 1041], the Supreme Court dismissed an appeal from an order denying a motion to correct the minutes of the court. The following language of the opinion, at page 413, is clearly applicable to the two orders denying the motions to correct the minutes in the case at bar: ''That part of the order denying the motion to amend the minutes of the court is also clearly not appealable. It was not a special order made after final judgment, within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure. It in no manner affected the judgment or bore any relation to it, either by way of enforcing it or staying its operation, nor did it concern any pending motion in the case itself. It was only the determina-

tion of the court that its minutes did not require correction, and the action of a court of record in such a matter is not subject to review by the ordinary process of appeal."

Among other decisions applying the same rule are: *Title Ins. & Trust Co.* v. *California, etc. Co.,* 159 Cal. 484, 487 [114 P. 838]; *Postal, etc. Co.* v. *Superior Court,* 22 Cal.App. 770, 779 [136 P. 538]; *Lawson* v. *Guild,* 215 Cal. 378, 381 [10 P.2d 459]; *Reynolds* v. *Reynolds,* 191 Cal. 435, 437 [216 P. 619]; *Williams* v. *Superior Court,* 14 Cal.2d 656, 666 [96 P.2d 334]; *Imperial Beverage Co.* v. *Superior Court,* 24 Cal. 2d 627, 632 [150 P.2d 881]; *McWilliams* v. *Hudson,* 98 Cal. App. 185, 189 [276 P. 598, 277 P. 529]; *Kaufman* v. *Brown,* 106 Cal.App.2d 686, 689 [235 P.2d 632].

*Hilliker* v. *Board of Trustees,* 91 Cal.App. 521, 526 [267 P. 367], relied upon by appellant, is distinguishable. In that case the defendants took a timely appeal from an adverse judgment, and on the same day that they filed their notice of appeal they served and filed in the trial court a notice of motion to amend the judgment by eliminating a recital that it was entered upon stipulation. This court held appealable the order denying the motion to amend. As noted in the Hixson case, *supra,* 146 Cal.App.2d 204, 206, "[t]his was because the judgment as it stood recited that it was entered by consent and thereby would deprive the party of a right of appeal."

The appeals from the specified orders are, and each of them is, dismissed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 3, 1958. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.