[Civ. No. 10624. Third Dist. July 19, 1963.]

DOLORES P. CONAWAY, Plaintiff and Appellant, v.
FRANK A. CONAWAY, Defendant and Respondent.

Lynn Carman for Plaintiff and Appellant.

Hughes, Maul, Fogerty & Dezzani for Defendant and Respondent.

PIERCE, P. J.—Appellant, Dolores P. Conaway, appeals from an order of the superior court denying her motion to appoint a receiver (in aid of execution under Code Civ. Proc., § 564, subd. 4) to receive all retirements checks paid to respondent, Frank Conaway, her former husband, and to apply them to a judgment for accrued alimony.

In 1950, appellant wife obtained an Iowa divorce from respondent. Its decree ordered the latter to pay her $150 per month as alimony. These payments were made until April 1961. Conaway moved to California and is now an El Dorado County resident. In California appellant wife sued for and on November 27, 1961, obtained a default judgment against

Conaway in the sum of $750 for alimony due and unpaid and Conaway was ordered to pay her $150 per month. These sums have not been paid. In January 1962 Conaway was examined in supplementary proceedings. Thereafter, contempt proceedings were brought. He testified his only income was his Air Force retirement pay of $492 per month (he is a retired Air Force colonel), which he needed for the support of his present wife and himself. The court found no contempt. Thereafter appellant filed the motion from the denial of which this appeal is taken.

Although it is questionable whether the order is appealable,[1] we prefer to consider the question raised on its merits, thus obviating a possible future time-wasting petition for an original writ to test such question. (3 Witkin, Cal. Procedure, Appeal, § 75, p. 2232 et seq.)

■ The trial court denied the motion, taking the position that the retirement moneys received by Conaway were exempt from execution, and since the only purpose to be served by the appointment of a receiver (in fact, the only purpose for which the appointment was sought) was to receive such moneys, it would be a futile and idle act to order such appointment. In short, it refused to appoint a receiver when there was nothing to receive We hold this position is sound.

Code of Civil Procedure section 690.22 exempts from execution ''[a]ll money received by any person, a resident of the State, as a pension, or retirement . . . benefit, from the United States Government . . . whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited, loaned or invested by him. . . .'' This exemption has been

---

[1]Respondent has not raised the question of appealability. Code of Civil Procedure section 963 does not mention an order denying appointment of a receiver as being appealable. It does provide for an appeal from an order ''appointing a receiver.'' The maxim: ''*inclusio unius est exclusio alterius*'' might be said to apply. The section expressly makes appealable ''any special order made after final judgment,'' the test of which has repeatedly been held to be that ''such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution.'' (*Lake* v. *Harris,* 198 Cal. 85, 89 [243 P. 417]; see also *Mendlesohn* v. *Miller,* 152 Cal.App.2d 281, 283 [313 P.2d 109]; *Hixson* v. *Hixson,* 146 Cal.App.2d 204 [303 P.2d 607].) Is the order denying appointment of a receiver one staying execution of a judgment? Although that was stated to be its effect in the opinion of the Second District Court of Appeal in. *Baum* v. *Baum* (Cal.App.) 328 P.2d 211, that case was taken over by the Supreme Court, 51 Cal.2d 610 [335 P.2d 481], and its opinion by Justice Schauer rests the holding that the order there involved was appealable upon the ground that it also denied a motion seeking a charging order under Corporations Code section 15028.

held applicable to judgments for alimony (*Howard* v. *Howard*, 166 Cal.App.2d 386 [333 P.2d 417]—hearing by Supreme Court denied). *Bruton* v. *Tearle*, 7 Cal.2d 48 [59 P.2d 953, 106 A.L.R. 580], relied on earnestly by appellant, does not aid her. It is true that there the trial court had granted a motion for a receiver and the Supreme Court upheld the appointment. The exemption section there involved was, however, related to the earnings of a judgment debtor. The exemption did not cover earnings not necessary for family support. The court stated (on p. 53) :

" '. . . Appellant's claim of exemption was made an issue before the trial court and appellant had a full opportunity to be heard thereon. There was ample evidence that the earnings affected by the order . . . were not necessary for the support of appellant's family and the trial court properly concluded that said earnings were not exempt.' "

That case, therefore, upholding the appointment of a receiver to receive moneys NOT exempt, is no authority to justify an appellate court to command a trial court to appoint a receiver to receive moneys which clearly ARE exempt.

Nothing stated in this opinion is to be construed as a holding that Conaway in failing to make the alimony payments out of the retirement funds is necessarily free from contempt by reason of the exemption. Exemption from execution does not equate with a refusal to support from funds available, though exempt. Immunity does not necessarily imply impunity. We do not know upon what evidence the trial court found Conaway was not guilty of contempt and the question is not before us (but see *In re Smallbone*, 16 Cal.2d 532, 534 [106 P.2d 873, 131 A.L.R. 222]).

The order appealed from is affirmed.

Schottky, J., and Friedman, J., concurred.