[Civ. No. 22479. Second Dist., Div. Two. Jan. 13, 1958.]

LEONARD T. MENDELSOHN et al., Respondents, v. BENJAMIN N. MILLER et al., Defendants; EUREKA IRON AND METAL COMPANY (a Corporation), Appellant.

Benjamin W. Shipman and Milo V. Olson for Appellant.

R. E. Allen, in pro. per., Gibson, Dunn & Crutcher, Henry F. Prince, Richard E. Davis, Richard H. Wolford and William G. Tucker for Respondents.

FOX, Acting, P. J.—The principal problem involved in this appeal is whether or not a purchaser at a judicial sale of partnership assets (which sale arises out of a suit in equity to dissolve the partnership) may assert as an offset against the price bid by him for the property an unliquidated, contested claim against an individual partner.

The partnership was composed of plaintiff Mendelsohn and defendant Miller. After commencement of the partner-

ship dissolution suit, respondent Allen was appointed receiver pending determination of the action. Thereafter, by stipulation of Mendelsohn and Miller, judgment was entered dissolving the partnership and continuing Allen as receiver for the purpose of conducting the sale of the real property which constituted the assets of the partnership. Allen conducted the sale pursuant to Code of Civil Procedure, section 568.5, and the property was purchased for $277,500 by appellant corporation, Eureka Iron and Metal Company, through Miller who was acting as its agent. Miller was the president and Mendelsohn was the vice president of Eureka, but Eureka had no other connection with their partnership nor the assets of that partnership. Eureka paid $35,000 at the time of the sale, and was to pay the remainder of the purchase price through escrow upon confirmation of the sale. An order was made confirming the sale to Eureka and directing the receiver to consummate the same through escrow. More than 60 days later receiver Allen filed a petition for instructions stating that Eureka had not signed the escrow instructions, though twice requested to do so. Allen further stated that Eureka claimed Mendelsohn was indebted to it and that it was entitled to a credit upon the purchase price in the amount of said alleged debt. Allen also averred that Mendelsohn denied any indebtedness to appellant.

Thereupon Eureka filed a "petition for an order after judgment" alleging the indebtedness of Mendelsohn to be in the amount of $40,663.10, and praying a credit upon the balance of the purchase price ($242,500) of said alleged indebtedness, and that the proceeds of the sale be impressed with a lien in its favor to the extent of the alleged debt. Mendelsohn filed a motion to strike Eureka's petition, asserting in his supporting affidavit that he was not indebted to Eureka in any sum.

These matters came on for hearing on January 9, 1957, at which time Eureka's petition was denied and the motion to strike it was granted. At the hearing Eureka orally requested permission to garnish or attach any property of Mendelsohn *in custodia legis*; such permission was refused. The receiver was instructed to set aside the sale unless Eureka paid the required amount into escrow. Eureka has appealed from the minute order incorporating these rulings.[1]

It is our conclusion that Eureka is not entitled in

---

[1]We previously determined that this is an appealable order. (*Mendelsohn* v. *Miller*, 152 Cal.App.2d 281 [313 P.2d 109].)

this suit to set off against Mendelsohn's share of the price which it is paying for the partnership property its disputed, unliquidated claim against Mendelsohn personally. This case is governed by *Isaacs* v. *Jones,* 121 Cal. 257 [53 P. 793, 1101], which holds that a creditor of one of the partners may not intervene in a partnership dissolution suit to assert his claim against an individual partner. The court reasoned as follows (p. 262): "The object of the present action is a distribution under the direction of the court of the assets of the partnership, including the determination of the amount thereof to which each partner will be entitled after the payment of all the partnership claims. ■ Although the individual partners are entitled to the surplus according to their interests as the same shall be ascertained by the court, *a litigation in the action of disputed claims against the partners is not appropriate.* If every claim against each of the partners could be made the subject of a distinct issue and determination in such an action, it is easily seen that the litigation might be indefinitely prolonged. ■ When the partnership affairs have been adjusted, the court should enter its judgment in accordance with such adjustment. Its authority to appoint a receiver rests upon its right to retain in its possession the property of the partnership until the rights of the several claimants thereto have been satisfied, and when this has been accomplished the receiver is to be discharged. *The court is not authorized to retain in its possession thereafter the property adjudged to belong to the individual partners, for distribution among their respective creditors, any more than it would have been authorized to appoint a receiver for that purpose in the first instance.* So far as the rights of these creditors are legal rights, they are to be enforced in the ordinary mode for enforcing legal obligations." (Emphasis added.)

The fact that the alleged creditor in the instant case is also the purchaser of the partnership assets is no reason for deviating from the foregoing rule. Regardless of whether the alleged creditor is or is not the purchaser of the partnership property, an allowance of the asserted credit would compel the court to litigate disputed claims against the individual partners. Such claims are entirely extraneous to the dissolution of the partnership, which is the subject of the suit in the first place. Eureka has failed to present any sound reason for thus complicating the dissolution proceedings.

The two decisions upon which Eureka so heavily relies,

*Owen* v. *Cohen,* 19 Cal.2d 147 [119 P.2d 713], and *Lesser & Son* v. *Seymour,* 35 Cal.2d 494 [218 P.2d 536], are clearly distinguishable from the case at bar. In the Owen case part of the decree dissolving the partnership permitted either partner to use in lieu of cash when bidding at the receiver's sale "credit to the extent of any sums which will accrue to him out of the proceeds." The court upheld this provision on the ground that each partner's share would be ascertainable as soon as the purchase price became fixed, and, if one of the partners was the purchaser, matters could be facilitated by crediting the share of that partner against the amount he would have to pay. Under such circumstances it would be proper to allow such a credit for the reason that the amount each partner would receive upon distribution would have to be computed before the dissolution proceedings could be completed. The amount of the credit would be both liquidated and undisputed. Such credit would therefore be properly before the court. That is not the situation in the case before us. ▮ Here the determination of the sum, if any, which Mendelsohn owes to Eureka is completely extraneous to an adjudication of his share of the partnership assets upon distribution. It is a question of fact which Mendelsohn is entitled to have determined by a jury if he so desires, and has no place in an equitable suit for the dissolution of the partnership.

In the Lesser & Son case the claims which the court permitted the purchaser to use as an offset against the purchase price were uncontested, liquidated amounts owed by the *partnership itself* and carried on the partnership books as debts. These debts had to be paid before the partnership affairs could be finally wound up. (*Lesser & Son* v. *Seymour, supra,* p. 502.) And it would be idle for the purchaser to pay the money to the receiver and then have the latter pay it back to the former. The propriety of the allowance of the credit in that case is thus clear. But in the instant case the claim which Eureka seeks to offset against the purchase price is unliquidated and disputed; moreover, it is being asserted against an individual partner rather than against the partnership estate. Thus, the allowance of such a claim is neither necessary nor proper in a partnership dissolution suit.

▮ Eureka also contends that the equitable "clean up doctrine" (i.e., that a court of equity will adjust the rights of all and leave nothing open for further litigation—*Newport* v. *Hatton,* 195 Cal. 132, 153 [231 P. 987]) required that the

trial court grant the relief sought. This contention is without merit. Eureka's only standing before the court is that of a purchaser at a judicial sale. It has no right, equitable or otherwise, to interject a controversy which has no connection with the proceeding before the court. Its remedy at law is speedy, adequate, and efficacious to the end in view. Eureka has only to commence and pursue an action at law against Mendelsohn in order to perfect its rights, if any. It is improper to burden this dissolution proceeding with a separate controversy which will require a trial to explore facts unrelated to the partnership. Such a result would cause pointless delay in partnership dissolution proceedings.

■ Eureka next contends that the trial court should at least have given it permission to garnish or attach funds in possession of the receiver. The court's ruling was correct in light of the nature of this action. This matter rested wholly within the discretion of the trial judge. That discretion was not abused here as appears from our discussion of *Isaacs* v. *Jones, supra.*

In view of our conclusion that its claim is not the proper subject for an offset against the purchase price of the partnership property in this dissolution suit, it is unnecessary to consider the other points which Eureka has raised on this appeal.

The order is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

A petition for a rehearing was denied February 10, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1958.

---

*Assigned by Chairman of Judicial Council.