[No. E001709. Fourth Dist., Div. Two. May 30, 1986.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Appellant, v.
GEORGE ZIVELONGHI et al., Defendants and Respondents.

[No. E002038. Fourth Dist., Div. Two. May 30, 1986.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Respondent, v.
GEORGE ZIVELONGHI et al., Defendants and Appellants.

**COUNSEL**

Robert F. Carlson, Gordon S. Baca, Joseph A. Montoya, Anthony J. Ruffolo, Joyce I. Okinaka, Richard E. Ranger and Robert W. Vidor for Plaintiff and Appellant and Plaintiff and Respondent.

George E. Atkinson, Jr., and Thomas G. Baggot for Defendants and Appellants and Defendants and Respondents.

**OPINION**

**RICKLES, Acting P. J.**—Plaintiff appealed from a judgment setting the amount of compensation to be paid defendants in a condemnation action. After the appeal was filed, defendants moved for a redetermination of probable compensation in the amount of the judgment. This motion was granted by the trial court. Plaintiff appealed from this order (E001709). Defendants then moved for a judgment of dismissal and abandonment. Defendants appeal from the trial court's order denying this motion (E002038).

FACTS

Plaintiff brought an eminent domain action in which it alleged ownership of an easement for public road and highway purposes over defendants' land. Defendants answered and denied this claim.

Plaintiff's appraisal and deposit into court, for an order of immediate possession, covered exclusively defendants' improvements located on part of the claimed easement. The amount plaintiff deposited covered improvements only because plaintiff claimed an easement in the property. Based on this deposit, plaintiff obtained an order of possession, moved the defendants' improvements and built a highway.

After plaintiff obtained possession of the property, a nonjury trial was held to determine the ownership and width of plaintiff's highway easement. Defendants claimed the state right of way was 100 feet wide, 50 feet on each side of the center line. Plaintiff claimed the state right of way was 200 feet wide, 100 feet on each side of the center line. Defendants' improvements were located on the additional 50 feet on each side of the center line. The trial court found in favor of defendants, holding the state right of way was 100 feet wide. This decision was filed on June 3, 1982. Defendants

could have chosen to file a motion to redetermine the probable amount of compensation pursuant to Code of Civil Procedure section 1255.030.[1]

After the trial court's decision regarding the width of the state right of way, a jury trial was held to determine the value of the land and improvements. The jury awarded compensation exceeding the original deposit made by plaintiff. This judgment was entered on February 15, 1984. Plaintiff appealed from this judgment on March 27, 1984.

In September 1984, defendants filed a motion pursuant to section 1255.030, subdivision (a), for redetermination of probable compensation to include the judgment, interest, costs and litigation expenses. They contended plaintiff should deposit this amount in court in order to remain in possession of defendants' property. The trial court granted the motion on October 18, 1984, and signed its order redetermining probable compensation for additional deposit in court by plaintiff on November 30, 1984.

The trial court's order required plaintiff to deposit as probable compensation: compensation for land and improvements, plus interest at varying rates and amounts on this compensation; ordinary costs, plus interest from date of judgment until deposit; litigation expenses (attorney and expert witness fees), plus interest from date of judgment until date of deposit.

On January 7, 1985, defendants filed a notice of election to treat plaintiff's failure to deposit increased probable compensation within the time allowed by law as an abandonment.

On January 8, 1985, plaintiff appealed from the court's order redetermining probable compensation and requiring deposit.

---

[1]Unless otherwise indicated, all section references in this opinion are to the Code of Civil Procedure.

Defendants, for some unexplained reason, failed to avail themselves of the prejudgment right to have the probable compensation redetermined from June 3, 1982, until February 18, 1984, when judgment was entered. In fact, no motion was made until September 1984, seven months after judgment was entered.

Defendants' counsel lays blame for his inactivity on this court's doorstep: "When defendants moved this Court to dismiss the appeals and to order said deposits, their Motion was denied. Thus this aggravated injustice continues. It has now gone on for approximately eight years." It would appear defendants' counsel's complaint is misdirected.

Section 1255.030, subdivision (a), provides: "(a) At any time after a deposit has been made pursuant to this article, the court shall, upon motion of the plaintiff or of any party having an interest in the property for which the deposit was made, determine or redetermine whether the amount deposited is the probable amount of compensation that will be awarded in the proceeding."

On January 16, 1985, defendants filed a motion for judgment of dismissal and abandonment. (§ 1255.030, subd. (c).) This motion was heard on February 8, 1985, and denied on March 15, 1985. On April 26, 1985, defendants appealed from the trial court's order denying the dismissal and abandonment.

On March 28, 1985, defendants filed a motion requesting this court dismiss plaintiff's appeal from the order determining probable compensation. We denied defendants' motion to dismiss on April 17, 1985.

On June 3, 1985, defendants filed a motion with this court requesting an order requiring plaintiff to deposit the judgment amounts pending appeal. We denied that motion on June 11, 1985. On July 22, 1985, defendants petitioned the Supreme Court for review of our order denying defendants' motion for deposit of judgment amounts. Defendants' petition for review was denied by the Supreme Court on August 21, 1985.

### Appeal E001709

Preliminarily, we must consider defendants' contention the trial court's order fixing and requiring deposit for probable compensation is not appealable. We conclude the order is clearly appealable as an order after judgment. (§ 904.1, subd. (b).) **(2)** "[T]here are three requirements which must be met for such an order to be appealable: the judgment which precedes the order must be 'final' in the trial court, the appeal from the order may not present the same issues as an appeal from the judgment itself, and the order must either affect the judgment or relate to it either by enforcing it or staying its execution. . . ." (*Williams* v. *Thomas* (1980) 108 Cal.App.3d 81, 84 [166 Cal.Rptr. 141].) All three requisites are present here.

Both parties concede, and we agree, the condemnation judgment which sparked the original appeal was final in the trial court. Clearly, the question presented in this appeal is not the same issue as that in the appeal from the judgment, i.e., the jurisdiction of the court to include in the fixing of probable compensation postjudgment interest, costs, and litigation expenses. Finally, it is obvious the order fixing probable compensation, including the amount contained in the judgment as well as the postjudgment interest, costs and litigation expenses, and requiring plaintiff to deposit these amounts for potential withdrawal by defendants indirectly enforces the judgment.

Having determined the trial court's postjudgment order fixing and requiring probable compensation is appealable, we turn to the merits of this appeal.

The California Constitution, article I, section 19, added on November 5, 1974, provides in part: "The Legislature may provide for possession by the condemnor following commencement of eminent domain proceedings upon deposit in court and prompt release to the owner of money determined by the court to be the probable amount of just compensation."

 In response to the constitutional mandate, the Legislature provided a comprehensive scheme for determining and redetermining compensation to be deposited by a plaintiff desiring to take possession of a defendant's property before and after judgment. It failed to include the procedure to be followed to determine or redetermine compensation where a plaintiff continued prejudgment possession after judgment had been entered.

Title 7, chapter 6 of Eminent Domain Law[2] entitled "Deposit and Withdrawal of Probable Compensation; Possession Prior to Judgment" contains the statutory prejudgment possession procedure.

Article 1, section 1255.010, subdivision (a), provides in pertinent part: "(a) At any time *before entry of judgment,* the plaintiff may deposit with the court the probable amount of compensation, based on an appraisal, that will be awarded in the proceeding. . . ." (Italics added.)

Section 1255.030, subdivision (a), authorizes the court to change the amount: "(a) At any time after a deposit has been made pursuant to this article [chapter 6, article 1], the court shall, upon motion of the plaintiff or of any party having an interest in the property for which the deposit was made, determine or redetermine whether the amount deposited is the *probable amount of compensation that will be awarded* in the proceeding." (Italic added.)

Section 1255.030, subdivision (c), provides: "(c) If the plaintiff has taken possession of the property and the court determines that the probable amount of compensation exceeds the amount deposited, the court shall order the amount deposited to be increased to the amount determined to be the probable amount of compensation. If the amount on deposit is not increased accordingly within 30 days from the date of the court's order, or such longer time as the court may have allowed at the time of making the order, the defendant may serve on the plaintiff a notice of election to treat such failure as an abandonment of the proceeding. If the plaintiff does not cure its failure within 10 days after receipt of such notice, the court shall, upon motion of the defendant, enter judgment dismissing the proceeding and awarding the

---

[2]Section 1255.010 et seq.

defendant his litigation expenses and damages as provided in Sections 1268.610 and 1268.620.''

Article 2 provides for withdrawal of the deposits. Sections 1255.210, 1255.220 and 1255.240 provide the defendants on application can withdraw any or all of the amount deposited subject to the order of the court and the court can condition the withdrawal on a requirement the defendant file an undertaking.

Chapter 11 postjudgment procedure provides in article 1 for the payment of the judgment and final order of condemnation. Article 2, section 1268.110, subdivision (a), provides "plaintiff *may,* at any time *after entry of judgment,* deposit with the court" the full amount of the judgment, together with interest due less any amounts previously paid directly to the defendants or deposited pursuant to article 1 commencing with section 1255.010 of chapter 6. (Italics added.) Section 1268.130 provides that any time after plaintiff has made the deposit pursuant to section 1268.110, the court may require an increase of deposit to secure the payment of any further compensation, costs or interests that may be recovered in the proceeding. This article does not contain a comparable requirement that the court dismiss the proceedings if the increase in deposit is not made.

Article 3 of chapter 11 in section 1268.210, subdivision (a), provides for possession after judgment: "(a) If the plaintiff is not in possession of the property to be taken, the plaintiff may, at any time after entry of judgment, apply ex parte to the court for an order for possession, and the court shall authorize the plaintiff to take possession of the property pending conclusion of the litigation if: [¶] (1) The judgment determines that the plaintiff is entitled to take the property; and [¶] (2) The plaintiff has paid to or deposited for the defendants, pursuant to Article I (commencing with section 1255.010) of Chapter 6 or Article 2 (commencing with Section 1268.110), an amount not less than the amount of the award, together with the interest then due thereon.''

Before the amendment to the Constitution and the enactment of the comprehensive scheme for prejudgment and postjudgment possession, the statute provided for situations where prejudgment possession continued postjudgment. Section 1254 provided: "At any time after trial and judgment entered or pending an appeal from the judgment to the Supreme Court, whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in said proceeding, as well as all damages that may be sustained by the

defendant, if, for any cause, the property shall not be finally taken for public use, the superior *court in which the proceeding was tried may, upon notice of not less than 10 days, authorize the plaintiff, if already in possession, to continue therein,* and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation, and may, if necessary, stay all actions and proceedings against the plaintiff on account thereof. . . ." (Stats. 1961, ch. 72, § 6.)

The Legislature amended section 1254 to delete the portion containing the procedure for continued prejudgment possession. Section 1254 was amended in 1974 and the last version read as follows: "(a) In any case in which the plaintiff is not in possession of the property sought to be condemned, the plaintiff may, at any time after trial and judgment entered or pending an appeal from the judgment and after payment into court for the defendant of the full amount of the judgment and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in the proceeding, apply ex parte for an order authorizing it to take possession of and to use the property sought to be condemned.

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) At any time after the court has made an order authorizing the plaintiff to take possession pursuant to this section, the court may, upon motion of any party to the eminent domain proceeding, order an increase or a decrease in the amount that the plaintiff is required to pay into court as a further sum pursuant to this section." (Stats. 1974, ch. 706, § 1.)

After judgment was rendered and plaintiff had appealed from that judgment, a number of postjudgment proceedings took place. Defendants moved the court to determine the interest rate to be paid defendants. Defendants moved the court to determine the costs and litigation expenses to be paid defendants. Defendants then brought the current motion requesting the court to redetermine probable compensation and to require plaintiff to deposit into court all of these judgment amounts.

Defendants' motion was based on the ostensible authority contained in section 1255.030 and section 1268.130. The trial court purportedly granted the motion based on the same ostensible authority. Neither statute supports the trial court's order.

Section 1255.030 allows the trial court, on motion, to determine whether the *prejudgment deposit* was adequate and to determine or redetermine the

probable amount of compensation which may be required for continued *prejudgment* possession.

Section 1268.130 allows the trial court *at any time after a permissive deposit of the award is made* pursuant to section 1268.110 to order plaintiff to deposit such additional amount as might be necessary to secure payment of any further compensation, costs or interest. Defendants have not cited, nor have we found, any cases applying section 1255.030 or section 1268.130 to situations similar to the case at bench.

Our inquiry does not necessarily have to end here. ■ If the trial court's order is right upon any theory of law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

■ A right constitutionally granted cannot be taken away by failure of the Legislature to act. (*Rose* v. *State of California* (1942) 19 Cal.2d 713, 725 [123 P.2d 505].) Article I, section 19 of the Constitution allows the condemner to take possession following the commencement of an eminent domain proceeding upon deposit and prompt release to the owner of the amounts determined by the court to be the probable amount of just compensation. It is obvious the Constitution did not contemplate a requirement that the property owner "land bank" eminent domain actions. The failure to provide the bridge from prejudgment to postjudgment possession would do just that.

■ " 'It is beyond dispute that "Courts have inherent power as well as power under section 187 of the Code of Civil Procedure,[3] to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council." [Citation.]' " (*Berger* v. *Godden* (1985) 163 Cal.App.3d 1113, 1119 [210 Cal.Rptr. 109].)

■ Here, the trial court under its inherent power devised a procedure for determination and redetermination of probable compensation where prejudgment possession continued postjudgment. We consider the filing of the motion to redetermine probable compensation for continued postjudg-

---

[3]Section 187 provides: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

ment possession and the trial court's conducting a full and fair hearing an appropriate procedure that fully protects the rights of both the condemner and the condemnee.

■ Turning to the trial court's order redetermining probable compensation, we conclude the amount of the judgment and interest are properly and constitutionally includable in the trial court's order. Because there is no constitutional requirement just compensation include litigation costs, any requirement the condemner pay the condemnee these costs is best left to the Legislature. (See *County of Los Angeles* v. *Ortiz* (1971) 6 Cal.3d 141, 145 [98 Cal.Rptr. 454, 490 P.2d 1142, 68 A.L.R.3d 538].) We conclude these amounts should be deleted from the order.

The trial court is ordered to modify its order determining probable compensation to delete therefrom litigation expenses and costs. The order, as modified, is affirmed.

APPEAL E002038

■ Defendants appeal from an order denying their motion for judgment of dismissal and abandonment pursuant to section 1255.030, subdivision (c). Defendants' contention the trial court erred is based on three erroneous assumptions. The applicability of section 1255.030, subdivision (c), to prejudgment possession continued postjudgment. The order redetermining probable compensation requiring plaintiff to deposit the judgment amounts, including interest and litigation costs, is a nonappealable order. The order denying defendants' motion of dismissal and abandonment is an appealable order.

Having previously determined section 1255.030, subdivision (c), is not applicable to the case at bench and the order redetermining probable compensation is appealable, we need only address the third basis for entertaining defendants' appeal.

We conclude the order denying the motion for judgment of dismissal and abandonment is not appealable. As previously stated section 904.1, subdivision (b), permits an appeal to be taken from an order after rendition of an appealable judgment. The order is not appealable unless it somehow affects the judgment by either enforcing it or staying its execution. Here, the order leaves the judgment intact and neither adds to it nor subtracts from it, therefore, the order is not appealable. (*Hixson* v. *Hixson* (1956) 146 Cal.App.2d 204, 206 [303 P.2d 607].) ■ When an order is nonappealable, we are without jurisdiction to consider the appeal. It is the duty

of this court on its own motion to dismiss the appeal. (*DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 430 [160 Cal.Rptr. 899].)

Even though we believe the matter of sanctions for failure to deposit the probable compensation after redetermination for continued postjudgment possession should be left to the Legislature, the defendants should not be without remedy in the meantime. It would appear the trial court would be at liberty under section 187 to devise an appropriate procedure for enforcing its order requiring deposit after redetermination, including a judgment of dismissal and abandonment.

Appeal dismissed in case No. E002308; order modified and affirmed in case No. E001709.

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied June 20, 1986, and the petition of plaintiff and appellant for review by the Supreme Court was denied August 13, 1986.