[No. B085788. Second Dist., Div. Seven. Mar. 30, 1995.]

WHITTIER REDEVELOPMENT AGENCY, Plaintiff and Appellant, v. OCEANIC ARTS et al., Defendants and Respondents.

■■■■■■■■■
■■■■
■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

**COUNSEL**

Rutan & Tucker, Jeffrey M. Oderman, Philip D. Kohn and A. Patrick Munoz for Plaintiff and Appellant.

Sullivan, Workman & Dee, Henry K. Workman and John J. Dee for Defendants and Respondents.

**OPINION**

**JOHNSON, J.—**

### FACTS AND PROCEEDINGS BELOW

Plaintiff Whittier Redevelopment Agency commenced eminent domain proceedings to acquire several parcels of land for redevelopment purposes, including parcels in which defendants Oceanic Arts and the Chitjians held leasehold interests. Plaintiff obtained prejudgment possession of the property after depositing the amount of probable compensation as determined by its appraiser.

Following the order awarding prejudgment possession, defendants vacated the property. The buildings they owned were demolished and removed and a shopping center constructed on the site.

Trial on the amount of compensation to be awarded defendants resulted in a judgment in excess of the amount deposited by plaintiff. Plaintiff filed a timely notice of appeal from the judgment. Thereafter, defendants filed a motion in the trial court for orders requiring plaintiff to increase its deposits of probable compensation to amounts equal to their judgments plus interest, less withdrawals previously made by defendants. Plaintiff filed a motion for permission to pay the judgment, but not the deposits, in installments. The trial court granted the defendants' motion for an increase in the deposits and denied the plaintiff's motion to pay the judgment in installments. Plaintiff filed a timely appeal from the court's orders.

The court's orders are appealable as orders after judgment under section 904.1, subdivision (a)(2).[1] (*People* ex rel. *Dept. of Transportation* v. *Zivelonghi* (1986) 181 Cal.App.3d 1035, 1041 [226 Cal.Rptr. 748].).

For the reasons set forth below, we affirm the order denying plaintiff's motion to pay the judgment in installments and affirm, as modified, the orders increasing the deposits of probable compensation.

### DISCUSSION

I. *The Trial Court Had Authority Under Code of Civil Procedure Section 1255.030 to Order an Increase in the Deposits of Probable Compensation Pending Plaintiff's Appeal From the Judgment.*

Plaintiff contends the orders requiring it to increase its prejudgment deposits should be reversed because the court lacked jurisdiction to make such orders during the pendency of the appeal from the judgment and the orders were an abuse of discretion because they amounted to requiring plaintiff to post an undertaking on appeal.

To best understand the issues raised in this appeal, some historical background is in order.

Prior to 1975, section 1243.5, subdivision (d) provided in relevant part, "*At any time after the court has made an order authorizing immediate possession*, the court may, upon motion of any party to the eminent domain proceeding, order an increase or a decrease in the security that the plaintiff is required to deposit pursuant to this section if the court determines that the security which should be deposited for the taking of the property and any damage incident thereto is different from the amount of the security theretofore deposited." (Stats. 1961, ch. 1613, § 2, p. 3443, italics added.)

Prior to 1961, section 1254 provided in relevant part, "*At any time after trial* and judgment entered *or pending an appeal from the judgment* . . . , whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, and such further sums as may be required by the court . . . [*the court may*] *authorize the plaintiff, if already in possession, to continue therein*, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation . . . ." (Stats. 1957, ch. 1851, § 1, pp. 3251-3252, italics added.)

Under this legislative scheme the court had discretion to order an increase or decrease in the plaintiff's deposit "at any time" after authorizing prejudgment possession. (Former § 1243.5, subd. (a); Stats. 1961, ch. 1613, § 2, p.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise noted.

3442.) The court also had specific authority, and was required, to order the plaintiff in possession of the property to deposit the full amount of the judgment if it wished to continue in possession pending appeal of the judgment.

In 1961, section 1254 was amended to delete the reference to plaintiffs already in possession. The amended section provided that in cases where the plaintiff was *not* already in possession of the property the plaintiff could obtain possession "at any time after trial and judgment entered or pending an appeal from the judgment" by paying into court "the full amount of the judgment and such further sum as may be required by the court . . . ." (§ 1254, subds. (a), (d), Stats. 1961, ch. 1613, § 8, p. 3447.)

This amendment left the court with the general authority under section 1243.5 to order a plaintiff in possession to increase its deposit "at any time" but made specific reference to deposits pending appeal only in the case of a plaintiff not already in possession. A plaintiff not in possession could obtain possession of the property pending the appeal by depositing the full amount of the judgment and such further sums as the court might require.

In 1975, the Legislature repealed the existing eminent domain law and replaced it with a revised version developed by the California Law Revision Commission. (Stats. 1975, ch. 1275, p. 3409; see 13 Cal. Law Revision Com. Rep. (1975) 1007.)

Section 1243.5 was replaced by section 1255.030 which provides in relevant part, "(a) At any time after a deposit has been made pursuant to this article, the court shall, upon motion of the plaintiff or of any party having an interest in the property . . . determine or redetermine whether the amount deposited is the probable amount of compensation that will be awarded in the proceeding.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) If the plaintiff has taken possession of the property and the court determines that the probable amount of compensation exceeds the amount deposited, the court *shall* order the amount deposited to be increased to the amount determined to be *the probable amount of compensation.* If the amount on deposit is not increased accordingly within 30 days from the date of the court's order, or such longer time as the court may have allowed at the time of making the order, the defendant may serve on the plaintiff a notice of election to treat such failure as an abandonment of the proceeding." (Italics added.) (See 13 Cal. Law Revision Com. Rep., *supra,* at pp. 1163-1164.)

Section 1254 was repealed and section 1268.210 was enacted, providing: "(a) If the plaintiff is not in possession of the property to be taken, the plaintiff may, at any time after entry of judgment, apply ex parte to the court for an order for possession, and the court shall authorize the plaintiff to take possession of the property pending conclusion of the litigation if: [¶] . . . [¶] (2) The plaintiff has paid to or deposited for the defendants . . . an amount not less than the amount of the award, together with the interest then due thereon."

Under the new legislative scheme, the court retains authority to order a plaintiff to increase its prejudgment possession deposit "at any time." If the plaintiff is in possession, the court *shall* order the plaintiff to increase its deposit to the amount the court determines to be the probable amount of compensation. (§ 1255.030, subds. (a), (c).) If the plaintiff is not in possession and no judgment has been entered, it may acquire possession by depositing an amount equal to the probable amount of compensation. (§§ 1255.030, subd. (b), 1268.130.) If the plaintiff is not in possession and a judgment has been entered, the plaintiff may obtain possession by depositing an amount not less than the amount of the award plus interest then due. (§ 1268.210.)

In *People* ex rel. *Dept. of Transportation* v. *Zivelonghi, supra,* the court faced the identical issue before us in the present appeal. There the plaintiff brought an eminent domain action in which it alleged ownership of an easement over defendant's land. After submitting an appraisal and deposit into court, plaintiff was given an order for immediate possession of the property. At the valuation trial the jury awarded defendant compensation exceeding the plaintiff's original deposit. Judgment was entered and plaintiff appealed. While the appeal was pending, defendant filed a motion in the trial court for redetermination of probable compensation to include the amount of the judgment plus interest, costs and litigation expenses. The trial court granted the motion and plaintiff appealed from the redetermination order.

The court in *Zivelonghi* looked at the foregoing legislative history and concluded the 1975 eminent domain law failed to provide a procedure for redetermining the amount of a deposit made to obtain prejudgment possession after a judgment has been entered and the case is on appeal. (181 Cal.App.3d at p. 1045.) Specifically, the court concluded section 1255.030 only applies to determining and redetermining the adequacy of the deposit for purposes of acquiring and retaining possession *before* judgment has been entered. Other sections deal with determining and redetermining the adequacy of the deposit for purposes of acquiring and retaining possession *after*

judgment has been entered, but if the plaintiff has obtained prejudgment possession there is no procedure for increasing the amount of the deposit of probable compensation following a judgment and while an appeal is pending. (181 Cal.App.3d at p. 1045.)

Nevertheless, *Zivelonghi* held, "the trial court under its inherent power" could devise "a procedure for determination and redetermination of probable compensation where prejudgment possession continued postjudgment. We consider the filing of the motion to redetermine probable compensation for continued postjudgment possession and the trial court's conducting a full and fair hearing an appropriate procedure that fully protects the rights of both the condemner and the condemnee." (181 Cal.App.3d at pp. 1045-1046.)

We believe the court in *Zivelonghi* reached the right results but for the wrong reason. As we explain below, it was unnecessary to resort to the "inherent powers" of the court to provide a remedy for defendant because section 1255.030 provides the necessary authority to order a plaintiff which has obtained prejudgment possession to increase its deposit of probable compensation when a judgment exceeding the amount on deposit has been entered and the plaintiff seeks to retain possession pending appeal.

Section 1255.030, subdivision (a) states: "*At any time* after a deposit has been made pursuant to this article, the court shall, upon the motion of [any interested party], determine or redetermine whether the amount deposited is the probable amount of compensation that will be awarded in the proceeding." (Italics added.) Subdivision (c) of that section states: "If the plaintiff has taken possession of the property and the court determines that the probable amount of compensation exceeds the amount deposited, the court shall order *the amount deposited to be increased to the amount determined to be the probable amount of compensation.*"

We interpret the phrase "at any time" to mean exactly what it says: *at any time.* Therefore, section 1255.030, subdivisions (a) and (c) read together not only authorize, but require, the trial court to order a plaintiff which has obtained prejudgment possession to increase the amount of its deposit of probable compensation following a judgment in excess of the amount deposited. We disagree with the conclusion in *Zivelonghi* that the statutory power to order an increased deposit only exists prior to judgment. Such an interpretation is wholly inconsistent with the language of the statute, which authorizes the court to redetermine the amount of the deposit "at any time."

Plaintiff argues the phrase "at any time" means "at any time prior to judgment." If the Legislature had intended to so limit the trial court's

authority to increase the amount of the deposit, it easily could have said so. Furthermore, we find no basis for concluding the Legislature intended to provide defendants whose property is taken *after* judgment greater protection than defendants whose property was taken *prior* to judgment. This would be the result when a plaintiff seeking possession after judgment is required to deposit the full amount of the judgment (§ 1268.210, subd. (a)), but a plaintiff who took possession prior to judgment cannot be required to bring its deposit of probable compensation up to the amount of the judgment. Such an interpretation of the statute would raise serious issues of equal protection and due process. Whenever possible, courts will construe a statute to preserve its constitutionality. (*Bradshaw* v. *Park* (1994) 29 Cal.App.4th 1267, 1277 [34 Cal.Rptr.2d 872].)

Plaintiff objects to our interpretation of section 1255.030 on the ground its effect is to require plaintiff to post an undertaking on appeal in order to remain in possession of the property. Under section 995.220, subdivision (b) plaintiff is exempt from the bond requirements otherwise required to stay enforcement of a money judgment. (See § 917.1, subd. (a)(1).) The Legislature, however, has provided for an increase in the plaintiff's deposit at any time when it is in possession of the property and the court determines the probable amount of compensation exceeds the amount deposited. (§ 1255.030, subds. (a), (c).) Furthermore, we see no justification for treating plaintiffs who gain possession of the property before judgment differently from plaintiffs who seek possession after judgment. There is no dispute but that the latter are required to post security in the full amount of the judgment in order to obtain possession while an appeal is pending. (§ 1268.210, subd. (a).)

Plaintiff also objects that requiring it to deposit the full amount of the judgment pending appeal conflicts with statutes allowing it to pay the judgment in up to 10 installments. (§ 1268.020, subd. (a)(1); Gov. Code, § 970.6, subd. (a).) Again, plaintiff is treated no differently than a plaintiff seeking postjudgment possession of the property. Moreover, as we explain below, the language of section 1255.030, subdivision (c) authorizes the trial court to allow plaintiff to make installment payments to the deposit.

Plaintiff next argues the trial court in this case had no jurisdiction to order an increase in the deposit after plaintiff filed its notice of appeal. The short answer to this argument is that section 1255.030, subdivision (a) authorizes the court to make such an order "at any time." There are additional reasons for rejecting plaintiff's argument. The filing of an appeal does not oust the trial court of jurisdiction over every aspect of the case; only over those

aspects which are embraced in, or would impact the effectiveness of, the appeal. (*Elsea* v. *Saberi* (1992) 4 Cal.App.4th 625, 629 [5 Cal.Rptr.2d 742].) The amount of plaintiff's deposit of probable compensation is not an issue embraced in its appeal from the judgment nor would increasing the amount of the deposit impact on the effectiveness of the appeal should plaintiff prevail. Plaintiff has statutory protections should defendants seek to withdraw any of the additional deposit. (See §§ 1268.140, subds. (c), (d), 1268.160, 1255.210-1255.280.)

For the reasons set forth above, we conclude that when a plaintiff in an eminent domain action has acquired prejudgment possession of the property, the amount of the judgment exceeds the amount plaintiff has deposited as probable compensation and an appeal of the judgment is pending, the trial court has authority under section 1255.030 to order plaintiff to increase its deposit to an amount equal to the amount of the judgment.

Plaintiff did not seek leave to pay the additional deposit in installments. This is understandable because the trial court and the parties were operating under the procedure judicially created by the *Zivelonghi* court which made no mention of increasing the deposit in installments. We have held, however, the trial court should apply the procedures set forth in section 1255.030 in ordering an increase in the deposit. Subdivision (c) of that section provides the plaintiff must increase the amount of the deposit "within 30 days from the date of the court's order, or such longer time as the court may have allowed at the time of making the order."

In light of our holding section 1255.030 applies to defendants' motion for an increase in the deposit of probable compensation, fairness requires plaintiff should be given the opportunity to request a period longer than 30 days from the date of the court's order in which to comply. Therefore, we will modify the court's order to provide plaintiff may move for such relief.

II. *The Trial Court Properly Denied Plaintiff's Motion to Pay the Judgment in Installments.*

 While its appeal from the judgment was pending, plaintiff moved the court for an order allowing it to pay the judgment in installments. (See § 1268.020, subd. (a)(1); Gov. Code, § 970.6, subd. (a).) The trial court denied this motion without prejudice. The motion was not only premature but granting the motion would have required an amendment of the judgment (Gov. Code, § 970.6, subd. (a)) which was beyond the trial court's jurisdiction while the judgment was on appeal. (*Takahashi* v. *Fish & Game Com.* (1947) 30 Cal.2d 719, 725 [185 P.2d 805].)

## DISPOSITION

The order denying the motion to pay the judgment in installments is affirmed. The orders requiring plaintiff to increase its deposits on behalf of defendants Oceanic Arts and Kaspar Chitjian, Jr., within 30 days are modified to add, as to each such order, that within the 30-day period plaintiff may, by duly noticed motion showing good cause therefor, move for an order permitting plaintiff a longer time to increase its deposit and, as so modified, the orders are affirmed. Respondents are awarded costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.